Hellebush *v.* Blake.

--------

No. 13,551.

HELLEBUSH *v.* BLAKE.

RECEIVER.—*Appointment of.*—*Replevin.*—*Non-Residence.*—The circuit court may appoint a receiver of personal property within its jurisdiction and involved in a pending action, although the defendant may reside in another State.

SAME.—*Pending Action.*—*Defective Notice.*—There may be a pending action, so as to authorize the appointment of a receiver, although the notice or service is defective.

Hellebush *v.* Blake.

SAME.—*Special Appearance.*—A special appearance, made for the purpose of moving to quash the notice, constitutes a step in a pending action.

SAME.—*Power of Appointment.*—Section 1270, R. S. 1881, does not determine the right of the court to appoint a receiver in actions of replevin, but such section must be taken in connection with section 1222, which authorizes the appointment of a receiver, without regard to the form of the action, wherever justice requires it.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellant.

*C. E. Hendry* and *A. C. Bennett,* for appellee.

ELLIOTT, C. J.—The appellee sued out a writ of replevin for the personal property in controversy, but, failing to give the undertaking required by the statute, she did not obtain possession. On the 24th day of November, 1886, she applied for the appointment of a receiver to take charge and control of the property, and a receiver was appointed by the judge of the Howard Circuit Court, in vacation. On the 10th day of the following month she caused notice of the appointment of the receiver to be served upon the appellant at his home in Cincinnati, Ohio. On the first day of the December term of the Howard Circuit Court the appellant entered a special appearance and moved the court to quash the notice and set aside the order appointing the receiver. On the same day the appellee filed a motion to reappoint or continue the receiver previously appointed. On the 3d day of January, 1887, the court made an order appointing a receiver and requiring him to give bond and qualify.

The fact that the defendant was a resident of the State of Ohio did not oust the jurisdiction of the circuit court over the personal property in the county of Howard. It is not here a question of the right of the appellee to a personal judgment against the appellant, but the question is as to the right of the court to appoint a receiver to take charge of personal property within its jurisdiction. We are satisfied that the circuit court did have authority to appoint the receiver,

notwithstanding the fact that the defendant was not a resident of this State. The property of which the court was asked to take possession through its receiver was within its jurisdiction, and it had authority to preserve and dispose of the property, through the medium of a receiver, in order to prevent its loss or destruction. *Ames Iron Works* v. *Warren*, 76 Ind. 512; *Quarl* v. *Abbett*, 102 Ind. 233.

It may be true, as appellant argues, that when the first order was made there was no suit pending and no authority to appoint a receiver, but this point we do not decide, for we are clear that when the second and effective order was made there was an action pending. When that order was made notice had been served, the defendant had appeared, and there was not only an action pending, but the parties were in court. The fact that the defendant had entered a special appearance did not so far abrogate the effect of the notice as to require the circuit court to hold that there was no action pending. His appearance, special though it was, constituted a step in a pending action, and no more was necessary to authorize the court to act than the fact that there was a pending action. There may be a pending action so as to authorize the appointment of a receiver although the notice or service is defective.

If it be conceded that the original order was erroneous, still that would not authorize a reversal, as the second and effective order supplanted it, and no harm came from it to the defendant.

We do not regard section 1270, R. S. 1881, as determining the right of a court to appoint a receiver in actions of replevin, but, on the contrary, our opinion is that the provisions of that section must be taken in connection with the section of the code which confers general authority to appoint receivers. R. S. 1881, section 1222. That section provides that the court may appoint receivers in certain enumerated cases, "And in such other cases as may be provided by law; or where, in the discretion of the court, or the judge

thereof in vacation, it may be necessary to secure ample justice to the parties." It is difficult to conceive a more comprehensive grant of power than this, and, under this grant, a receiver may be appointed where justice requires it, no matter what the form of the particular action may be. The form of the action does not of itself determine the authority, for, whatever the character of the action, a receiver may be appointed if it is necessary to "secure ample justice to the parties."

