Martin v. Seibert, Admr.—71 Ind. App. 564.

MARTIN v. SEIBERT, ADMINISTRATOR, ET AL.

[No. 10,109. Filed December 12, 1919.]

1. GIFTS.—*Gifts Causa Mortis.—Requisites.—Delivery.*—To constitute a gift *causa mortis,* there must be a transfer or delivery of the property in expectation of death from an existing illness. p. 566.

2. GIFTS.—*Gifts Causa Mortis.—Requisites.—Delivery.—Evidence.* —A letter sent to one claiming certain money belonging to a decedent's estate as trustee under an alleged gift *causa mortis,* stating that the writer would make her money payable to claimant, and another letter to a bank, "As I have to go to a hospital and have an operation, and should anything happen to me, I make my money payable to" claimant, both letters having been written by decedent just prior to entering a hospital to submit to an operation, which resulted in her death, are insufficient to show a valid gift *causa mortis,* in the absence of a delivery of the money to claimant. p. 566.

3. APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.*— Where plaintiff would not have been entitled to a recovery in any event, exclusion of evidence offered by her was harmless. p. 566.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

In the matter of the estate of Julia S. K. Meyer, of which John Seibert was administrator. Petition by Lydia C. Martin, claiming certain money as trustee. From a judgment for the administrator, the petitioner appeals. *Affirmed.*

*M. R. Sutherland* and *R. N. Smith,* for appellant.

*Frank E. Osborn, Lee L. Osborn, Kenneth Osborn* and *M. E. Letleiter,* for appellees.

Enloe, J.—Lydia C. Martin, petitioner, appellant, filed her petition in the LaPorte Circuit Court, claiming certain money as trustee under an alleged gift *causa mortis* made by the deceased Julia S. K. Meyer just prior to her death. A demurrer to the petition was overruled, answers and reply filed, and cause submitted to the court for trial, the venue having been changed to the St. Joseph Circuit Court.

The court found for the defendant and rendered judgment accordingly. Appellant's motion for a new trial having been overruled, this appeal is prosecuted, and the only error assigned is the action of the court in overruling the motion for a new trial.

This motion was based upon the following grounds: That the decision was not sustained by sufficient evidence; is contrary to law; and alleged errors in excluding certain offered testimony, which, in the view we take of this case, need not be considered.

The alleged gift was attempted to be founded upon two instruments in writing, written on the same day, and just prior to the writer's—Mrs. S. K. Meyer—entering a hospital at Springfield, Ohio, to be operated upon for tumor, and from which operation she died on the second day thereafter. The letter above referred to was, it appears, written to friends in Indiana, from the hospital in Springfield, Ohio, in which

city the deceased was then living. That part of the letter to appellant, relied upon as constituting the gift, was as follows:

> "I wish, dear Ma, you could be with me, but you cannot, I know. I will make my money payable to you, and if there should be anything happen to me, get a good stone and a vault for my grave. * * *"

The other letter was addressed to the LaPorte Savings Bank, LaPorte, Indiana, and was as follows:

> "As I have to go to hospital and have an operation, and should there anything happen to me, I make my money payable to Mrs. L. C. Martin, LaPorte, Indiana. Was deposited Aug. 20, 1912, to Mr. Crumpacker, with 4% interest. Truly
> "Mrs. Julia Silberstorf Kreidler Meyer."

To constitute a donation *causa mortis,* there must be a *transfer, or delivery of the property,* in expectation of death from an existing illness. *Smith,* 1.    *Admr.,* v. *Dorsey* (1872), 38 Ind. 451, 10 Am. Rep. 118, and authorities cited; *Smith, Admr.,* v. *Ferguson* (1883), 90 Ind. 229, 46 Am. Rep. 216. In 3 Redfield, Wills, p. 327, it is said, in discussing requirements of a valid gift: "(3) There must be an actual delivery of the chattel to the donee so as to transfer the possession to him in order to constitute a good gift, *causa mortis.*"

There is no evidence in this record, nor was any offered, that tended even in any way to show an *actual delivery* of the money in question to the 2-3.    appellant—a fact necessary to be shown before she could rightfully demand a judgment

in her favor. Until there was some evidence tending to establish this fact, there could be no prejudicial error in excluding the testimony offered. The judgment is therefore affirmed.