## RULE v. FLEMING ET AL.

[No. 12,521. Filed June 2, 1926. Rehearing denied December 21, 1926.]

1. GIFTS.—*A gift causa mortis is invalid if anything is to be done after the decease of the donor.*—A gift *causa mortis* is invalid if anything is to be done after the decease of the donor; it is then treated as an attempted testamentary disposition of property and, therefore, void. p. 492.

2. GIFTS.—*Delivery sufficient to constitute gift causa mortis.*— The delivery of a duplicate key to a safety deposit box, rented by the donor in the names of the donor and donee or survivor, just prior to undergoing a serious operation, from which she did not expect to recover, and which proved fatal, was a sufficient delivery of the contents of the box to constitute a valid gift *causa mortis* of such contents. p. 493.

From Marion Probate Court (1,753); *Mahlon E. Bash,* Judge.

Action by Corwin V. Rule, as administrator of the estate of Amy W. Rule, deceased, against William Fleming and others. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*White & Jones,* for appellant.

*Jones, Hammond, Buschmann & Boyd* and *Felt & Forney,* for appellees.

ENLOE, C. J.—The appellant, as the administrator of the estate of Amy W. Rule, deceased, brought this action in the Marion Probate Court, thereby seeking to recover certain personal property which he alleged belonged to said estate.

The complaint was in one paragraph and alleged that the property which it sought thereby to recover was in a safety deposit box in the Indiana National Bank and that said box was in the name of the appellee William Fleming and Amy W. Rule, and that the property therein contained was the property of the estate of said Amy W. Rule.

To this complaint, appellee Fleming filed an answer in general denial, also a second paragraph of answer claiming said property as a gift *inter vivos*, and also a third paragraph of answer claiming the said property under an alleged gift *causa mortis*. Each of these paragraphs was met with a reply in general denial.

A request therefor having been made, the court found the facts specially and stated its conclusions of law thereon, which conclusions were adverse to the appellant; there was a judgment rendered upon the conclusions of law, and in harmony therewith, from which this appeal is prosecuted.

The appellant has assigned numerous errors as independent assignments of error, but only those hereinafter noticed are valid, as such, and the other assignments will be disregarded.

It is first insisted that the court erred in its conclusions of law upon the facts found, and this assignment necessitates a consideration of the facts found, and of the conclusions of law stated thereon.

Among the facts so found by the court were the following: That Amy W. Rule was, at the time of her death, a resident of Marion county, Indiana; that she died November 30, 1924, leaving no children surviving her; that she was, at the time of her death, the wife of Corwin V. Rule, and that she left surviving her her said husband, a brother, William Fleming, and two sisters, Mary E. Mayes and Zetta Stickney; that on December 16, 1924, the appellant was duly appointed as administrator of the estate of said Amy W. Rule, duly qualified and is now acting as such; that no claims have been filed against said estate; that for several months prior to November 17, 1924, said Amy W. Rule suffered from pain in her side and contemplated a surgical operation to be relieved therefrom; that she frequently discussed her condition with her friends and acquaintances, and

repeatedly stated that she did not expect to recover from the effects of said operation, and that she expected to die from the effects of said malady and said operation; that during said period said deceased discussed with friends the property which she owned and the disposition which she contemplated making of the same; that on numerous occasions prior to November 17, 1924, said Amy W. Rule had expressed to different persons her intention of disposing of her property in some way and of dividing it among her husband and her said brother and sisters; that on November 17, 1924, said Amy W. Rule, while contemplating said surgical operation, and while anticipating the probability of her death as a result of said operation and of her then affliction, went to the Indiana National Bank and rented a lock box in the safety deposit vault of said bank, and then and there directed the officer of said bank in charge of the safety deposit vault thereof, to make out the title to said box "in the name of Amy W. Rule or William R. Fleming, or survivor thereof"; that the record of the renting and title to said box was then and there so made up, and the said record then and there signed by said Amy W. Rule as follows: "Mrs. Amy W. Rule. Wm. Fleming," and two keys to said box were then and there delivered to Mrs. Rule.

It is also found that at the time of renting said box, Mrs. Rule told the officer of said bank, in charge of said safety deposit boxes, that she was under the necessity of undergoing a surgical operation and that she was renting said box for the purpose of placing therein certain property and papers in making a disposition of her personal property; that upon receipt of said box, the same was taken by Mrs. Rule into a private room, and that shortly thereafter, it was returned to said officer of said bank, and by him placed in the vault of said bank and locked.

It is further found that thereafter, in company with a lady friend, Mrs. Rule went to said bank, obtained said box, and, in company with her friend, retired to a private room of said bank where, in the presence of the friend, Mrs. Rule opened said box and placed therein divers articles of personal property (property involved in this suit); that at said time, the deceased also, in the presence of her friend, wrote a note of directions concerning said personal property, signed the note "Amy," and placed the note in said box; that at said time, the friend of the deceased who was with her saw the contents of said box and that it contained also the other articles of personal property involved in this suit; that about said time, Mrs. Rule told her friend that she had decided not to make a will and had rented said lock box and had given her money in about equal shares to her husband, her brother, and each of her two sisters; that in November, 1924, in the presence of the same lady friend, the deceased wrote a letter to her brother in which she stated that she had attended to her business affairs, that she had rented a safety deposit box, in their joint names, had placed therein certain property, told him how she wished the same disposed of, that she had also left other instructions in said box along with said property, told him she would let him know when she went to the hospital, and enclosed in said letter one of the keys to said box and sent the same by registered mail to her brother; that, as a postscript to the said letter so written and sent, was the following: "The lock box is in vault at the Indiana National Bank basement, present the key and they will open the box."

It is further found that said William Fleming received said letter and said key and had the same in his possession prior to and at the time of the death of said Amy W. Rule; that after the death of Mrs. Rule, said Fleming came to the city of Indianapolis, went to

said bank, where he was identified and where he produced the key to said box, and said box was then delivered to him and he, in company with the inheritance tax appraiser of Marion county, then took said box to a private room at said bank, where an inspection and inventory of the contents of said box was made; that said Fleming did not remove the contents from said box at the suggestion of said tax officer that he could not lawfully remove them until the matter of the inheritance tax was settled, and he returned said box, after making said inventory, to the officer of said bank, who replaced it in said vault, and returned said key to said Fleming.

It is also found that after Mrs. Rule placed said articles in said box, and had notified her brother of that fact, and sent to him a key to said box, she continued to grow worse and repeatedly stated that she expected to die from her said illness and the operation which she was preparing to undergo; that Mrs. Rule died on November 30, 1924, from her sickness and from the effects of the operation performed upon her; that the defendant, Indiana National Bank, has disclaimed any right or interest in and to said property except as the custodian thereof and is ready to deliver the same to whosoever the court may direct.

On the above findings, the court stated as its conclusions of law, among others, "that the law is with the defendant William Fleming," and "that the defendant Indiana National Bank * * * should be ordered by the court to deliver the same," (the property in controversy) to the defendant William Fleming. The court also stated two other "conclusions of law," not necessary to be herein set out.

The decree of the court was, "that the plaintiff take nothing by his complaint and that the defendants have and recover of and from the plaintiff their costs

* * *." Also, "that defendant, Indiana National Bank, deliver the property described in said complaint to the defendant William Fleming."

Do the facts found sustain the conclusions of law? This question involves a consideration of the rights of the parties as affected by her acts as they had relation to the alleged gift *causa mortis*.

It is first urged by the appellant that the said gift was invalid, as a gift *causa mortis*, because there was no such delivery of the things which were the subject of said gift as the law requires.

All of the authorities agree that if such gift is not complete—if anything is left to be done *after* the decease of the donor—it is, in law, an attempted testamentary disposition of property and not a gift, and therefore invalid as such. *Gray* v. *Barton* (1873), 55 N. Y. 68; *Noble* v. *Gardner* (1905), 146 Cal. 225, 79 Pac. 883, 2 Ann. Cas. 1001; *Walter* v. *Ford* (1881), 74 Mo. 195, 41 Am. Rep. 312. In *Appeal of Walsh* (1888), 122 Pa. St. 177, 15 Atl. 470, 9 Am. St. 83, 1 L. R. A. 535, in speaking of gifts *inter vivos* and of *donatio causa mortis*, the court said: "But by whatever name called, the elements necessary to complete the gift are not changed. There must be a purpose to give; this purpose must be expressed in words or signs; and it must be executed by the actual delivery of the thing given to the donee or some one for his use. In every valid gift a present title must vest in the donee, irrevocable in the ordinary case of a gift *inter vivos*, revocable only upon the recovery of the donor in gifts *causa mortis*." This leads us to the question as to what will be a sufficient delivery, under the law, to constitute a valid gift *causa mortis*.

In *Thomas, Admr.,* v. *Lewis* (1892), 89 Va. 1, .62, 37 Am. St. 848, one of the leading cases in this country upon the subject of gifts *causa mortis*, the court said:

"Delivery is essential; it may be either actual, by manual tradition, of the subject of the gift, or constructive, by delivery of the means of obtaining possession. Constructive delivery is always sufficient when actual, manual delivery is either impracticable or inconvenient." In *Devol* v. *Dye* (1890), 123 Ind. 321, 24 N. E. 246, 7 L. R. A. 439, our Supreme Court said: "The character of the property was such that no prudent person would have directed its removal from the vault of the bank. The donor had relinquished the key to his private drawer and tin box to the cashier of the bank, thereby effectually surrendering, so far as could be, all dominion over the property, and affording to the donees the means of obtaining possession of it."

In the case at bar, the appellee, had he chosen so to do, could at any time after November 21, 1924, have gone to the Indiana National Bank and could have

2. taken actual and exclusive possession of the property which is involved in this suit; Mrs. Rule had done all things which were necessary to invest her brother with this right and power, nothing in this behalf remained to be done after her death, and we hold, upon authority of *Devol* v. *Dye, supra,* that there was a sufficient delivery of the property in question to make it a valid gift *causa mortis.*

Appellant next urges that the court erred in its conclusions of law because the facts found do not show such a delivery of possession as the law requires. What we have heretofore said disposes of this contention. The evidence abundantly supports the findings of fact herein and there was no error in overruling appellant's motion for a new trial.

The judgment is affirmed.