## STATE EX REL. DICKHUT *v.* CHAMBERS.

[No. 26,322.   Filed May 3, 1933.]

*Kane, Blain & Hollowell,* for relatrix.

TREANOR, C. J.—The relatrix is seeking an alternative writ of mandamus against the Probate Court of Marion County, Smiley N. Chambers, Judge, to compel the said Smiley N. Chambers as Judge of the Probate Court of Marion County to modify a certain order or judgment entered in the following entitled cause:   "In the Marion County Probate Court.   In re: Sarah F. Marsh Estate,

No. 89-30807. Petition for Accounting and for Removal of Administratrix."

The petition of relatrix sets out in substance the following: The relatrix was the duly appointed and qualified administratrix of the estate of Sarah F. Marsh, and in that capacity had filed what purported to be a full inventory of the estate. Subsequently an. heir at law of Sarah F. Marsh filed in the Marion County Probate Court the above mentioned cause No. 89-30807, which purports to be a petition for an accounting by the relatrix as administratrix of the estate of Sarah F. Marsh and also her removal as administratrix. The petition for accounting and removal discloses that the relatrix was claiming to be the owner of certain properties as donee of the said Sarah F. Marsh; and the petition further discloses that the petitioner was seeking to have the court require the administratrix to inventory these properties as assets of the estate. The probate court made findings of fact, stated conclusions of law thereon and entered judgment requiring "the defendant, Neve H. Dickhut, as administratrix of the estate of Sarah F. Marsh, deceased," to inventory and, as such administratrix, to charge herself with and to account for as part of the estate of Sarah F. Marsh the items of personal property which the relatrix claimed as gifts from the deceased, Sarah F. Marsh.

It also appears from the petition of relatrix that relatrix was not made a party in her individual capacity in cause No. 89-30807 in the Probate Court of Marion County; and the judgment of the Probate Court did not include an order for her removal as administratrix.

Relatrix, in her petition addressed to this court for a writ of mandamus, assumes that the proceeding in cause No. 89-30807 in the Probate Court of Marion County was primarily one for her removal as administratrix for failure to inventory all the property of the

estate; and that the only judgment which the court had jurisdiction to render was one for her removal as administratrix; and further that in such a proceeding she could not be compelled to inventory and account for articles not inventoried, but that such relief had to be sought in a separate proceeding.

We think it is clear that the relief which the Probate Court of Marion County granted can be obtained only in a civil action as provided for in §3172 Burns' Ann. Ind. St. 1926, Acts 1899, ch. 220, p. 504, §1. We think it is equally clear that a proceeding for the removal of an administrator for failure to properly inventory and account for assets of an estate must be brought under §§3090-3094 Burns, etc., 1926, Acts 1881, Special Session, ch. 45, p. 423, §§23-27. A proceeding for the removal of an administrator is a special statutory proceeding before the court. On the other hand, in case of a proceeding against one who is claiming "in his own right any personal property" which is alleged to be the property of an estate "issues shall be joined and trial had as in ordinary civil cases." The fact that the person who is claiming to be the owner of property, which is alleged to belong to an estate, happens to be an administrator does not change the rule. It follows that Neve H. Dickhut was entitled to have the ownership of the property in question determined in an ordinary civil suit against her in her individual capacity. Obviously she was not claiming ownership of the property in her capacity as administratrix.

Although the judgment of the Probate Court apparently was against her in her representative capacity as administratrix such judgment necessarily presupposes an adjudication of the title to the property in favor of the estate and against Neve H. Dickhut as an individual. We agree with relatrix that any such adjudication was outside the issues of cause

No. 89-30807, Probate Court of Marion County, and consequently not binding upon Neve H. Dickhut in her individual capacity.

But conceding the foregoing to be true we do not believe that relatrix is entitled to the relief of a writ of mandamus. If the proceeding in cause No. 89-30807, Probate Court of Marion County, was properly a proceeding to remove relatrix as administratrix of the estate of Sarah F. Marsh the Probate Court had jurisdiction of the subject-matter and had the power to make an order removing or refusing to remove her. Since on the record, as disclosed in the petition, the proceeding was not a civil suit against Neve H. Dickhut in her individual capacity, the order of the court was without effect insofar as it purported to adjudicate title to property as against her, or to require her to account for property alleged to belong to the estate of Sarah F. Marsh; consequently she has ample protection insofar as her property rights as an individual are concerned; and any order of the court directed to her as administratrix of the estate of Sarah F. Marsh necessarily must be limited in its effect by the fact that her responsibility to inventory and account for the personal property claimed by her as an individual is no greater than it would be if the property in question were claimed by a stranger.

Petition for alternative writ of mandamus denied.