ROSENFIELD *v.* ROSENFIELD, ADMINISTRATRIX ET AL.

[No. 26,733. Filed March 18, 1937. Rehearing denied May 18, 1937.]

*Clinton H. Givan, Walter Myers,* and *Obed T. Kilgore,* for appellant.

*Albert Stump,* and *Leo X. Smith,* for appellees.

FANSLER, J.—Appellant is administratrix of the estate of John F. Rosenfield, deceased. Appellee Viola R. Bass filed a petition alleging that certain items of tangible personal property belonging to the estate had not been inventoried, and alleging that, in addition thereto, there were certain miscellaneous bonds, the number and amount of which were unknown, and asking that the administratrix be required to appear and show cause why the property described, and any other personal property of the decedent, should not be accounted for and inventoried. The record fails to show that any notice of this petition was served on the administratrix. It does, however, show that, by agreement of the parties, the "petition to require further inventory of the assets of said estate is continued." The next entry is as follows:

"Come again all the parties and the petition of Viola

Bass to require the Administratrix herein to make further inventory of assets in this estate is submitted to the court without the intervention of a jury.

"And the Court being fully advised, finds for the petitioner and that the material allegations of said petition are true.

"It is therefore ordered, adjudged and decreed, that Josephine Rosenfield, Administratrix, inventory and include among the assets of said estate the following articles held by her, to wit: . . . ."

Here follows a list of tangible personalty, and a description of four government bonds, each of $1,000 denomination. The record then concludes: "To which ruling of the court said Administratrix now objects and excepts."

Appellant, in her individual capacity, was not named as a party in the petition. No service was had upon her as an individual, she did not appear as an individual, and the judgment is not against her as an individual. It appears that at the hearing appellant claimed, and testified, that the four $1,000 government bonds were her personal property, and did not belong to the estate; that she did not hold them as administratrix; and that they did not come into her possession as administratrix. There was a motion for a new trial by the appellant, both as administratrix and as an individual.

That appellant has a right to appeal as an interested party, under sections 6-2001, 2002 Burns' Ann. St. 1933, sections 3277, 3278 Baldwin's Ind. St. 1934, is not questioned by appellees.

In *State ex rel. Dickhut v. Chambers* (1933), 204 Ind. 658, 185 N. E. 436, it was held that, upon a petition seeking to have the court require an administratrix to inventory certain property as assets of the estate, there was no jurisdiction to require the administratrix to charge herself with, and account for, items of personal

property which she claimed as her own individual property. In that case, as in this, it appeared that the administratrix was not made a party in her individual capacity. It was held that such relief could only be obtained in a civil action as provided for in the statute last referred to, and that the fact that the person who is in possession and claiming to be the owner of the property, which is alleged to belong to the estate, happens to be an administrator, does not change the rule, and that the responsibility to inventory and account for the property is no greater than it would be if the property were in possession of and claimed by a stranger.

In order to avoid the force of the case quoted from, appellees contend that there never was any objection to the trial of the issues involving the question of ownership of the property referred to in the petition and the order of the court, and that the whole question was gone into. The record shows that Josephine Rosenfield was called as a witness by the petitioner. She was asked concerning certain household effects, and explained that some of them had not come into her possession; that some of the books that are in her possession had been overlooked, and that she would inventory them. She was asked about government bonds which she had inventoried. She was then asked about certain specific government bonds, and testified that she did not take them out of the decedent's box; that they had been given to her by her husband, one as a wedding present, and the several others upon wedding anniversaries, and that they were her property. This was brought out by the petitioner, and not by appellant in her individual capacity or as administratrix.

It is contended that the case was tried as a civil action, and that appellant appeared as a defendant in her individual capacity, and thereby waived the issuance and service of summons, and that there is a general appearance where the person became an

actor in the cause. But the administratrix was a party, and appellant in her physical person was required to be an actor in the case, since she was administratrix. There is not a semblance of a judgment against her in her individual capacity, the only judgment being an order against her as administratrix.

The order or judgment is not binding upon her in her individual capacity any more than it would be upon a third person whose bonds she as administratrix was ordered to inventory, and, if it were a third person, it is clear that the order or judgment would not be a sufficient basis for a proceeding to recover possession of the bonds. But, since, by contempt proceedings or other coercive measures, the order to inventory the property might be enforced, appellant might well consider herself aggrieved by the decision of the court, and perfect an appeal from the order, though not a party to the proceeding.

In case any person interested in an estate wishes to assert that property claimed by the administrator in his own right belongs to the estate, he must proceed under section 6-921 Burns Ann. St. 1933, section 3100 Baldwin's Ind. St. 1934, which requires, among other things, that the petitioner shall file a bond for costs. *State ex rel Dickhut v. Chambers, supra.*

In so far as the order of judgment requires that the administratrix inventory the bonds, which she is claiming as her own property, it is erroneous.

Judgment reversed, with instructions to modify the judgment in conformity with his opinion.