REED, ADMINISTRATRIX *v*. REED ET AL.

[No. 15,926. Filed April 18, 1938.]

*Harney F. Semones,* for appellant.

*Zimri E. Dougan,* for appellees.

WOOD, J.—The appellant brought suit as administratrix of the estate of one William T. Reed, deceased, against appellees to recover damages alleged to have been sustained by deceased's estate because of the appellees' wrongful appropriation and retention of certain personal property, alleged to have belonged to said decedent. The complaint was in one paragraph, and the appellees answered in two paragraphs, first, a general

denial, second, alleging that previous to the death of William T. Reed, he and Katherine Reed, the administratrix, who was his second, childless wife, entered into a written contract, by the terms of which it was agreed that upon the death of her husband, Katherine Reed would accept a certain sum of money and certain articles of personal property in satisfaction of her rights in his estate as his surviving widow; that William T. Reed also entered into a written contract with appellees, who were his sons by a former marriage, under the terms of which they were to take possession of certain personal property belonging to said decedent, from which they were to pay all of his just debts and obligations owing by him at the time of his death and all expenses incident to his burial, and after having discharged such obligations, distribute the balance of the property among the children of said decedent by such former marriage; that immediately after the death of William T. Reed, the contract which had been entered into between himself and his wife, Katherine Reed, was fully carried out and she received and accepted all the benefits thereof; that these appellees, with full knowledge and consent of the appellant as administratrix of said estate and in her personal capacity, entered upon the performance of and did perform all of the terms and conditions of the contract entered into between themselves and said decedent; that all indebtedness owing by decedent at the time of his death and all expenses incident to his last sickness and burial were fully paid and satisfied previous to appellant's appointment as administratrix of the estate, and all of the terms and conditions of said contract were fully performed by appellees previous to said date; that appellant had knowledge of all these facts previous to her appointment as administratrix. Both contracts expressly provided that they

should not become effective or be performed until after the death of William T. Reed. They were both acknowledged before a notary public. No real estate is involved in this estate. There was no reply filed to this paragraph of answer.

Upon these issues the cause was submitted to the court for trial. A general finding was made in favor of appellees, and judgment entered in harmony therewith. Appellant filed a motion for a new trial, alleging as causes therefor that the decision of the court was not sustained by sufficient evidence and was contrary to law. This motion was overruled and appellant appeals, assigning as the only error for reversal the overruling of her motion for a new trial.

William T. Reed did not divest himself of the title, possession, or control of any of his personal property by the terms of either of the contracts which he ▊ entered into previous to his death. From the facts presented by the record, William T. Reed did not, previous to his death, make a gift *inter vivos* of any of his personal property to either his wife or his children (*Warner* v. *Keiser* [1931], 93 Ind. App. 547, 177 N. E. 369, and authorities there cited) ; nor did he make a gift to them *causa mortis*. *Martin* v. *Seibert* (1919), 71 Ind. App. 564, 125 N. E. 219; *Rule* v. *Fleming* (1926), 85 Ind. App. 487, 152 N. E. 181. Since the two contracts entered into were not, by their terms, to become effective or to be performed until after the death of William T. Reed, they were therefore testamentary in character and invalid because not executed in conformity with the requirements of Sec. 7-201 Burns 1933, §3373 Baldwin's 1934; see *Stroup* v. *Stroup* (1894), 140 Ind. 179, 39 N. E. 864; *Rule* v. *Fleming, supra.*

Even though the contracts were invalid, it does not follow that the appellant is entitled to recover in this

action. Because the contracts were invalid, the ██ personal property of which William T. Reed was the owner at the time of his death belonged to and constituted his estate. He died intestate. Katherine Reed, as his surviving widow, and his children by a former marriage were, under the statute, entitled to their respective interests in said personal property after the payment of all just debts, expenses of last sickness and burial. *Humphries* v. *Davis* (1884), 100 Ind. 369; *Bowen* v. *Stewart* (1891), 128 Ind. 507, 26 N. E. 168; *Rountree* v. *Pursell* (1894), 11 Ind. App. 522, 39 N. E. 747.

The record does not show the value of the property constituting the estate, nor does it show the amount of the indebtedness owing by William T. Reed at the time of his death, expenses of last sickness or burial. The evidence shows, without conflict, that after the death of William T. Reed his surviving widow accepted and received the benefit of all the articles of personal property and money substantially as provided for in the alleged contract between herself and her husband, but the value of this property is not disclosed by the record. The evidence also shows that the appellees, with her full knowledge and consent, took possession of the remainder of the property, pursuant to the terms of the alleged contract between the appellees and their father, and that they carried out the provisions thereof, paying all just debts owing by William T. Reed at the time of his death, expenses of last sickness and burial, and distributed the remainder of the property among the children of William T. Reed in substantial compliance with the terms of the alleged contract. The record does not show the value of the property remaining to be distributed by the appellees among the children of William T. Reed after the payment of these obligations. It was not until all of these transactions had been consummated

that Katherine Reed caused letters of administration of the estate of her deceased husband to be issued to her.

There are no rights of creditors nor innocent third parties involved in this action. After the creditors of the estate were satisfied, the remainder of the property belonged to the heirs of William T. Reed, in this instance the surviving widow and his children by a former marriage, to be distributed or disposed of as they might agree. Under such circumstances an administration of the estate is unnecessary, as was said in the case of *Walworth* v. *Abel* (1866), 52 Pa. St. 370, 372, "The mere legal estate passes to the administrator, the equitable descends upon the parties entitled to distribution. If there be no creditors the heirs have a complete equity in the property, and if they choose, instead of taking letters of administration, to distribute it by arrangement made and executed amongst themselves, where is the principle which forbids it?"

The facts show, without conflict, that after the death of William T. Reed, the heirs of his personal property agreed upon a settlement of his estate without causing the same to be administered upon, an agreement which, under the authorities, they had a perfect right to enter upon and that it was not until after that agreement had been fully carried out that appellant was appointed as administratrix and brought this action. There is no allegation in the complaint and the facts do not show that Katherine Reed was induced to enter into the settlement agreement after her husband's death, because of fraud, duress, undue influence, overreaching, or other improper practices, on behalf of the appellees or other heirs to the property. Under such circumstances, we think appellant is estopped at this late date from repudiating an agreement which she, as surviving widow of William T. Reed, voluntarily entered into with the other heirs of her deceased husband's estate, to settle the

same and distribute the property among the heirs after such agreement has been fully carried out. *Roach* v. *Clark* (1901), 28 Ind. App. 250, 62 N. E. 634.

The motion for new trial was properly overruled. Judgment affirmed.