IN RE OERTLING'S ESTATE; OERTLING ET AL. *v.* OERTLING

[No. 17,653. Filed January 26, 1948. Rehearing denied March 4, 1948. Transfer denied April 8, 1948.]

(For opinion denying transfer see 226 Ind. —.)

*Charles A. Lowe,* of Lawrenceburg, attorney for appellant.

*Chester E. Bielbey,* of Lawrenceburg, attorney for appellee.

ROYSE, J.—This appeal presents the question of whether the Administratrix of the estate of a deceased person must file an inventory of all the personal property owned by decedent at the time of death. The facts as shown by the record may be summarized as follows:

Ernest J. Oertling died intestate April 6, 1945. He left surviving as his sole and only heirs his widow, Mary E. Oertling, who is appellant herein in both her individual and representative capacity (hereafter the term "widow" shall refer to her individually and "appellant" to her representative capacity), and Ernest G. Oertling, his father, appellee herein. On April 14, 1945, appellee, by written instrument, assigned to the widow all of his interest in the estate of his deceased son. She then undertook to settle the estate of her deceased husband

without the issuance of letters of administration. She sold two optometric businesses of decedent for $18,700. She paid indebtedness of about $3,000. Other assets amounted to between $4,000 and $6,000. She took over all of the assets in her individual capacity.

Sometime thereafter, appellee asserted the assignment he made on April 14, 1945, was illegal and void because it was obtained by fraud. When litigation was threatened the widow applied for and took out letters of administration in the matter of the estate of decedent. Her application for letters of administration stated it was made for the purpose of administering upon certain assets of said estate not already administered under a family settlement agreement. Appellant filed no inventory. On or about February 14, 1946, appellee filed his petition in said estate to require the administratrix to file a full and complete inventory showing all of the property owned by decedent at the time of his death. The petition averred the assignment of April 14, 1945, was obtained by fraud and that no legal family settlement had been made in said matter. After a hearing on this petition the trial court ordered appellant to file a full and complete inventory of the personal estate of the decedent and that said inventory should include all of the personal property which decedent owned at the time of his death. From that judgment this appeal is prosecuted.

Section 6-701, Burns' 1933, provides in part as follows:

"Every executor or administrator, within sixty (60) days after his appointment, shall make out a true and complete inventory of the personal estate of the decedent which shall have come to his knowledge, including all debts, demands, stocks, moneys and goods, due to and owned by the decedent at his death, and all his emblements and annual crops

raised by labor, whether severed from the land or not at the time of his death."

It seems to us the above quoted provision of the statute is clear and unambiguous. In positive language it provides every administrator *shall* make an inventory of all the personal property, of which the administrator has knowledge, owned by the decedent at the time of his death. This is all the judgment of the trial court herein requires the appellant to do. The appellant, by filing her application for letters of administration and qualifying as administratrix was bound by the foregoing provision of the statute.

The judgment herein does not in any way affect the rights of either the widow or the appellee in reference to the questioned assignment. A legal determination of that dispute can only be had in a civil action between the parties. § 6-921, Burns' 1933.

We believe the question here presented is quite different than that in the case of *Rosenfield* v. *Rosenfield, Administratrix* (1937), 212 Ind. 120, 6 N. E. 2d 938. In that case the administratrix claimed she had received the property as a gift from the decedent prior to his death, whereas in this case appellant is claiming the property by reason of a questioned family agreement made after decedent's death. Such an agreement would not absolve her as administratrix from the positive duty imposed by the statute.

Judgment affirmed.

BOWEN, P. J.—dissenting with opinion in which Hamilton, J., concurs.

NOTE.—Reported in 76 N. E. 2d 851.

## DISSENTING OPINION

BOWEN, P. J.—I find myself unable to agree with the conclusion reached by the majority opinion.

The facts of this case present a situation in which an administratrix, appellant herein, is claiming certain personal property consisting of optometry business in Lawrenceburg, Indiana, and Cheviot, Ohio, and certain bank accounts amounting in value to approximately $20,000 which she asserts became her individual property by virtue of an alleged assignment made after the death of decedent by the appellee who together with the administratrix constituted the sole heirs of the decedent. After the execution of such assignment, appellant took out letters of administration for the alleged purpose, as set out in the application for letters, of administering upon other assets of decedent not included within such assignment. Appellant contends that she is the owner of the property included in such assignment in her individual right. The administratrix has not filed an inventory in said estate.

The appellee filed a petition in the probate court alleging that the family settlement agreement was obtained by fraud and that the same is wholly illegal and void, and asked that the same be set aside, and that the administratrix be directed by the Dearborn Circuit Court to file a full, complete, and true inventory of such estate, but the administratrix in her testimony in the hearing before the lower court stated in substance that she did not file an inventory on the part of the assets covered by the assignment since she felt the "signing of the statement waiving appellee's interests in the estate took care of that matter." She further testified that she did not refuse to file an inventory since all of the assets were not transferred by the assignment.

The appellee contends that by virtue of § 6-701, Burns' 1933, appellant is required by law to inventory all of the property owned by decedent at the time of his death which would include the property included in such assignment, and the judgment of the court so ordered.

The question presented is whether on a petition filed in a probate proceeding an administratrix may be required to inventory assets as part of such estate, which she claims as her own individual property by virtue of an alleged "family settlement" agreement. There was no adjudication of the validity of the alleged "family settlement" agreement by the court below, nor would such adjudication have been proper as against the appellant in her individual capacity upon the issues presented.

The relief which appellee sought in his petition and the relief granted by the probate court below, by reason of appellant's claim of individual ownership of the property in question, we feel could only properly be obtained by a civil proceeding in accordance with the provisions of § 6-921, Burns' 1933, which provides as follows:

> "In all cases where any person interested in an estate files a petition to the court alleging that the administrator or executor or any other person named in said petition claims in his own right any personal property, note or chose in action, or said administrator or executor acquiesces in the claim of any person thereto, which personal property, note or chose in action is alleged to be the property of the estate and that it was the property of the decedent in his lifetime, such petitioner shall be allowed to make proof of his allegations and summons shall issue, and issues shall be joined and trial had as in ordinary civil cases, but such petition shall be accompanied by a bond for costs with sufficient surety, to be approved by the clerk, if filed in vacation, or by the court, if filed during

term time, conditioned for the payment of all costs which may be adjudged against the petitioner."

*State ex rel. Dickhut* v. *Chambers* (1933), 204 Ind. 658, 185 N. E. 436; *Rosenfield* v. *Rosenfield, Admx.* (1937), 212 Ind. 120, 6 N. E. 2d 938.

Appellee contends that there is a distinction in the instant case from the Rosenfield case in that he claims that in the latter case the property in question was owned by her individually and had never at any time been owned by the intestate. In the Rosenfield case, the administratrix claimed that certain bonds in question had been given her by decedent prior to his death. The statute does not make such distinction, as urged by appellee, and it provides a remedy in all cases where the administrator or executor or any other person claims in his own right property which is alleged to be property of the estate. The fact that the property is claimed to have become the individual property of the appellant after the death of decedent, as a result of an alleged family settlement agreement would not remove the case from the application of the aforementioned statute. This statute is not limited in its scope to claims of individual ownership of property by an administrator arising prior to the death of a decedent, but the statute applies to all cases where an administrator or any other person claims property in their own right. The appellant's claim to the property in question by reason of this statute could only be adjudicated in a civil action to which she has been made a party individually. She was not made a party individually in the present case.

The majority opinion stresses the statute requiring the making of an inventory by an administrator. § 6-701, Burns' 1933. However, the provisions of this statute must be considered in connection with § 6-921, *supra,*

and the decision of our courts interpreting the requirements of the probate code with reference to the settlement of estates.

It is not mandatory under our law that an estate should be administered upon through court proceedings. The heirs and legatees, after the death of a decedent, may by agreement dispense with the formalities of the statute for the settlement of estates which, in the abscence of such agreement, are binding upon an administrator or executor. *Cornet* v. *Guedelhoefer* (1941), 219 Ind. 200, 36 N. E. 2d 933; *Knepper* v. *Eggiman* (1912), 177 Ind. 56, 97 N. E. 161. In fact, the law looks with favor upon family settlement agreements, and they will be upheld in the absence of fraud or mistake. *Reed, Admx.* v. *Reed* (1938), 105 Ind. App. 185, 14 N. E. 2d 320; *Cornet* v. *Guedelhoefer, supra; Knepper* v. *Eggiman, supra; Schuee* v. *Schuee* (1884), 100 Ind. 477; *Brown* v. *Brown* (1894), 139 Ind. 653, 39 N. E. 152.

The property in question, at the time of the issuance of letters of administration, either constituted assets of the estate, or it was not a part of the assets of such estate, and under the statutes and the decisions of our courts interpreting the requirements of the probate code, it was not mandatory that the same be inventoried, nor, in my opinion was it proper for the administratrix to be required so to do in an ex parte probate proceeding. The statute very specifically provides the method, in all cases where an administrator claims property in his own right, for the determination of such question as in ordinary civil cases, and provides a bond for costs. The effect of the majority opinion, it seems to me, would be to limit the operation of such statute to claims of individual ownership of property arising during the lifetime and prior to the death of a

decedent and would by implication read into the statute words of limitation, which it does not contain.

There are no claims of creditors shown in this case, but in any event, creditors and all persons interested in an estate are fully protected in the event of a family settlement agreement by virtue of the broad provisions of § 6-921, *supra.*

By reason of the claim made by appellant that she owns this property in question in her individual right by reason of an alleged family settlement agreement, the validity of which is not properly before us in this appeal from a judgment in an ex parte probate proceeding, she had the right to insist that appellee proceed under the provisions of § 6-921, *supra,* before she could be required to inventory such property as assets of decedent's estate.

The judgment of the court upon appellee's petition requiring appellant as administratrix to file an inventory of all of the personal property which decedent owned at the time of his death which of necessity includes the property which appellant claimed as her own individual property, in my opinion, was contrary to law.

For the reasons given above, I think the judgment of the lower court should be reserved.

Hamilton, J., concurs in dissent.

NOTE.—Reported in 76 N. E. 2d 851.