STATE EX REL. BURKHOLDER *v.* ST. JOSEPH PROBATE
COURT, GONAS, JUDGE, ETC.

[No. 29,571. Filed March 25, 1958.]

*Joseph D. Anderson,* of South Bend, for relator.

*John S. Gonas, pro se,* for respondents.

LANDIS, J.—Relator has brought original action in this court for writ of mandate and prohibition ordering respondent court to grant relator a change of venue

from the judge and to desist from further proceedings in an action by relator in the estate proceedings for specific performance of a contract for sale of real estate owned by decedent. We issued the alternative writ.

Respondent contends his refusal to grant the change of venue was proper because a co-executrix of said estate had previously filed a petition to sell said real estate in the estate, in which a change of venue from the judge had been taken by said co-executrix; that although said co-executrix's petition to sell real estate had since been dismissed, respondent alleges the co-executrix in filing the petition to sell real estate was acting as agent for relator who was desirous of buying the same and had a contract for the purchase of the same; that in reality the co-executrix's petition to sell real estate was in essence an action by relator for specific performance of said contract for sale of real estate.

Respondent has made accusations against the co-executrix of said estate as to said fiduciary's interference with the administration of the estate to the detriment of the heirs and estate. These charges, if proved, would warrant a court in removing the personal representative on the ground he was unsuitable for discharging his duties in said trust under Burns' §7-406 (1953 Replacement), Acts 1953, ch. 112, §1006, p. 295. However, it should be noted from the record before us that such matters were presented to the court on a trial of the petition to remove the co-executrix, with the result the court found in favor of the co-executrix and against the petitioner to remove. As such adjudication on the petition to remove appears to be final and not to have been appealed from, it should be considered by this court that the allegations of the petition to remove were not established to the satisfac-

tion of the court, and that the inferences to be indulged in are against the validity of the allegations of the petition to remove.

In determining the issue before this court on relator's right to a change of venue from the judge, we recognize that under the change of venue statutes of this state either party to a civil action has a right to a change of venue from the county and to a change of venue from the judge. Burns' §2-1401, §2-1407 (1946 Replacement), Acts of 1881 (Spec. Sess.), ch. 38, §255, §256, p. 240; *State ex rel. Burdge* v. *Cummings* (1935), 208 Ind. 292, 195 N. E. 879, 104 A. L. R. 1492.

And in any action or proceedings relating to a decedent's estate, a party litigant has at least the same right to a change of judge as a litigant in a civil action. Burns' §2-1403 (1946 Replacement), Acts of 1935, ch. 71, §1, p. 199; *State ex rel. Gentry* v. *O'Byrne, Judge* (1943), 221 Ind. 282, 46 N. E. 2d 687.

It is further the settled law in this state that the only penalty for failure to prosecute a civil action to conclusion is the payment of costs, and that if another civil action is begun the right of either party to a change of venue is allowed whether a change was previously taken in the dismissed action or not. *State ex rel. Lindsey* v. *Beavers* (1947), 225 Ind. 398, 75 N. E. 2d 660. And this rule of necessity applies as fully to a change of judge as to a change from the county.

It is therefore our conclusion in this case that regardless of the similarity or lack of similarity of the original proceedings to sell real estate, later dismissed, and the subsequent proceedings for specific performance of the contract for sale of real

estate, and the parties thereto, upon the filing of the subsequent action after the dismissal of the former, the parties to the later action were entitled to a change of venue from the judge without being limited by what changes of venue had been granted in the previous action.

Respondent has made contention in the case before us that the dismissal of the petition to sell real estate, which was general in form, only had the effect of dismissing one of the two paragraphs of the petition to sell real estate. We hold to the contrary. The dismissal was general in its language and did not make any reference to the separate paragraphs thereof in any respect, and therefore if it had any force and validity it was as a dismissal of the entire petition, which must be held to have been its legal effect.

The alternative writ of mandate and prohibition is accordingly made permanent.

Emmert, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 148 N. E. 2d 561.