STATE EX REL. HARPER, EXECUTRIX, ETC. *v.*
WHEATLEY, JUDGE

[No. 30,281. Filed July 8, 1963. Rehearing denied September 9, 1963.]

*Charles B. Salyer,* of Anderson, *Robert Hollowell* and *Hollowell, Hamill & Price,* of Indianapolis, for relator.

*John S. Grimes,* of Indianapolis, *Troy N. Hutto, Hutto & Regnier, Horace P. Holmes, Bolton, Holmes &*

*Watson* and *Joe Heaton,* all of Tipton, for respondents.

LANDIS, J.—This is an original action in this Court for writ of mandate to compel respondent judge to grant a change of judge as to a petition to remove the executrix and appoint a special administrator in the estate of Floyd E. Harper, deceased, which estate is being administered upon in respondent court. We issued the alternative writ.

The record before us so far as pertinent to the questions here presented reveals that the petition to remove the executrix and appoint a special administrator was filed by Helen Varnau et al., on April 27, 1962; that in answer thereto the executrix on May 14, 1962, filed a pleading called a "special appearance and answer in abatement" alleging the failure to give notice to the executrix and further alleging that said petition did not state any facts or grounds to require the executrix to act or for the appointment of a special administrator. On May 23, 1962, the trial court sustained motion to strike from the record the executrix's "special appearance and answer in abatement"[1], and on June 14, 1962, overruled a motion to expunge. On June 25, 1962, the executrix filed motion for change of judge which was overruled by the court.

Respondent contends that the executrix's pleading denominated "special appearance and answer in abatement" in reality went to the merits of the pleading and constituted a waiver of any questions as to notice or jurisdiction over the person. We believe respondent's contention is well taken in this respect. There is numerous authority for the proposition that a person who enters a special appearance

---

1. This ruling had the same effect as if the special appearance and answer in abatement had been overruled. See: Lowe's Ind. Pract., Vol. 2, §23.21, notes 4 & 5.

and contests the jurisdiction of the court over his person may yet waive all questions as to such jurisdiction by also pleading to the merits as by challenging the sufficiency of the facts stated in the petition or complaint to which his remarks are addressed. *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72, 76, 62 N. E. 26, 27; *Hellebush* v. *Blake* (1889), 119 Ind. 349, 351, 21 N. E. 976, 977; *McCoy et al.* v. *Stockman et al.* (1897), 146 Ind. 668, 670, 46 N. E. 21, 22; *McCoy* v. *Board, etc.* (1903), 31 Ind. App. 331, 332, 67 N. E. 1007, 1008; Lowe's Rev. of Works' Ind. Pract., 4th Ed., Vol. 1, §11.30, p. 322. Executrix's "special appearance and answer in abatement" in effect amounted to a demurrer to the petition to remove and appoint a special administrator and constituted a general appearance to the proceeding.

We are next confronted with the question of whether the motion for change of judge was timely filed. Rule 1-12B of this Court provides so far as applicable:

> "In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . ."

Burns' §7-406 (1953 Repl.),[2] and §7-716 (1953 Repl.),[3] are provisions of the Probate Code of 1953 and deal respectively with the removal of a personal representative and the appointment of a special administrator, and are the sections under which the petition

---

2. Acts 1953, ch. 112, §1006, p. 295.
3. Acts 1953, ch. 112, §1316, p. 295.

to remove and for special administrator were apparently filed.

Burns' §7-406 (1953 Repl.), *supra,* takes the place of eleven sections of the old law and makes some changes in its provisions. Among other things it provides that: "The court on its own motion may, or on petition of any person interested in the estate, shall order the representative *to appear and show cause* why he should not be removed. . . . " (Emphasis supplied.) The former law, Burns' §6-602 (1933),[4] provided for the clerk to issue a " . . . citation to the person complained against, requiring him *to appear and answer*; which citation shall be served on him ten [10] days before the hearing of the cause." (Emphasis supplied.) The "appear and show cause" order contained in the present statute is summary in nature and less formal than the "appear and answer" order specified under the old law and it is clear the legislative change was intended to obviate the necessity of following rules of pleading as in civil cases. See: Henry's Prob. Law and Pract., 6th Ed., ch. 12, §6, p. 384, note 7.

Burns' §7-716 (1953 Repl.), *supra,* providing for the appointment of a special administrator is a new section, and makes no provision for notice or the joining of issues as in civil actions, as was provided for under the former law which has been repealed.

"The probate of a will and the administration of the estate shall be considered one proceeding for the purposes of jurisdiction, and said entire proceeding and the administration of a decedent's estate is a proceeding in rem."

---

4. Acts 1881 (Spec. Sess.), ch. 45, §24, p. 423.

5. Acts 1953, ch. 112, §702, p. 295.

Burns' §7-102 (1953 Repl.),[5] concerns the character of decedent's estate proceedings and states:

The Model Probate Code Comments (§62) relating to this section are in part as follows:

"By the great weight of authority a proceeding for the administration of the estate of a deceased person is a proceeding in rem. For this reason personal service on interested persons is not necessary to give the court jurisdiction. Indeed, in many cases personal service on all interested persons is quite impossible. It has also frequently been held that the entire course of administration is one proceeding, thus eliminating any jurisdictional requirements as to subsequent notice. See Simes, 'The Administration of a Decedent's Estate as a Proceeding in Rem,' 43 Mich. L. Rev. 675 (1945) . . . ."

It is apparent in the case before us that formal pleadings are not necessary under the Probate Code of 1953 as to the instant petition to remove and for a special administrator and that any right to a change of judge, as may have existed, expired ten days after the closing of issues without answer by operation of law under Rule 1-12B.

The case of *State ex rel. Burkholder* v. *St. Jos. Prob. Ct. et al.* (1958), 238 Ind. 103, 148 N. E. 2d 561, did not involve the question of whether Rule 1-12B of this Court had been complied with in taking the change of venue and therefore is inapplicable to the case before us.

In fact, in the case before us it appears that the executrix must have realized she had not filed her motion for change within the necessary ten day period as in such motion she stated among other things that " . . . she makes and files this motion at the earliest opportunity after learning of the bias, prejudice or interest of said Judge. . . . " See: Rule

1-12B, p. 3. However, the right to change of venue after the expiration of said ten day period is discretionary with the trial judge, whose judgment is reviewable on appeal but not by original action of mandate in this Court. *State ex rel. Botkin* v. *Delaware Circuit Court* (1960), 240 Ind. 261, 266, 162 N. E. 2d 611, 613.

The alternative writ of mandate is dissolved and the permanent writ denied.

Myers, C. J., and Achor and Arterburn, JJ., concur; Jackson, J., not participating.

NOTE.—Reported in 191 N. E. 2d 708.