IN THE MATTER OF THE ESTATE OF ELIZABETH SWANK, DECEASED

[No. 3-1076A226. Filed April 20, 1978.]

*Vincent J. Backs, Robert Owen Vegeler, Kennerk, Dumas, Burke & Backs, P.C.*, of Fort Wayne, for appellant.

*Arthur H. Fruechtenicht, Arthur W. Fruechtenticht*, of Fort Wayne, for appellee.

STATON, J.—The Allen Superior Court dismissed Edith K. Bender's "Petition for the Removal of Personal Representative Heretofore Appointed or, in the Alternative, for the Appointment of a Special Administrator." Bender appeals from the judgment of dismissal, alleging:

(1)   the trial court erred in considering the personal representative's motion to dismiss, since the motion was not timely filed; and,

(2)   the judgment of the trial court granting the motion to dismiss was contrary to law.

We affirm the judgment.

## I.

### The Petition

Elizabeth Swank died testate on March 1, 1976. Her son, Robert C. Swank, was appointed personal representative of her estate on March 8, 1976. Edith K. Bender, Elizabeth's daughter and a beneficiary under her will, filed on April 23, 1976 a petition for removal of Robert as per-

sonal representative, or in the alternative, for appointment of a special administrator. Bender's petition, filed pursuant to IC 1971, 29-1-13-16 (Burns Code Ed.),[1] alleged that in 1966 Robert, "through direct and undue influence," bought from Elizabeth certain real property on favorable terms.[2] The petition asserted that the transaction between Robert and Elizabeth, and Robert's subsequent appointment as personal representative in 1976, created a conflict of interest. Bender asked for the removal of Robert as personal representative or, in the alternative, appointment of a special administrator to investigate the facts of the 1966 sale. The Allen Superior Court, under whose jurisdiction probate proceedings were initiated, set June 2, 1976 as the date for hearing on the petition.

On May 28, 1976, Robert filed a motion to dismiss the petition. The trial court heard argument on the motion on June 2, 1976 and then, took the matter under advisement. On June 7, 1976, Bender filed a motion to strike Robert's motion to dismiss. The trial court granted the motion to dismiss on June 15, 1976.

## II.

### Motion to Dismiss

The substance of Bender's motion to strike and her first allegation

---

1.  IC 1971, 29-1-13-16 (Burns Code Ed.) makes provision for the petition and hearing as follows:
"—Whenever any interested person files with the court having jurisdiction of an estate a petition showing that such person has reason to believe and does believe that the personal representative of the estate or any other person *is* indebted *to* the estate, or that any property is in the possession of the personal representative of the estate or of any other person, and that diligent effort is not being made to collect such indebtedness or to secure possession of such property for the estate, the court shall hold a hearing upon such petition and shall determine what action, if any, shall be taken. Should the court decide that there is sufficient merit in the petitioner's claim to warrant action, it shall direct the personal representative to take such action as the court deems necessary; provided, however, where the person claimed to be indebted to the estate or having in his possession property belonging to the estate is the personal representative or where the court is of the opinion that the personal representative would not or could not for any reason prosecute such action with sufficient vigor, it shall appoint a special administrator to take such action as it shall direct."

2.  As alleged, the purchase was made on a conditional sales contract, with no down payment or interest, at a price less than one-half the value of the real property in 1966. Payment of the purchase price was made over a ten-year period.

of error in this appeal is that the trial court should not have considered Robert's motion to dismiss because it was not timely filed. She maintains that Robert's motion to dismiss must be construed as a Trial Rule 12(B)(6) motion, one for failure to state a claim for which relief can be granted. Bender asserts that as such, the motion was not filed within twenty days following service of her petition, as mandated by Trial Rule 6(C). Her contention fails.

Bender's petition was not a complaint initiating a new action against the estate or against Robert as personal representative. Rather, the filing of the petition was merely ancillary to the probate of Elizabeth's will and the administration of her estate. Thus it was not incumbent upon Robert to file a responsive pleading to Bender's petition as contemplated by Trial Rule 6(C).

IC 1971, 29-1-13-16 (Burns Code Ed.), dealing with the collection and management of estate assets, was enacted in 1953. Its predecessor statute, Ind. Ann. Stat. Sec. 6-921 (Burns 1933), directed that where an interested party sought a determination as to whether certain property belonged to the estate or to an individual claiming it, an independent civil action shall obtain. *See State ex rel. Dickhut v. Chambers* (1933), 204 Ind. 658, 185 N.E. 436. Naturally in such cases the rules of civil pleading and procedure would have applied. However, the comments of the Probate Code study commission at the enactment of 29-1-13-16 imply that promulgation of that statute was intended to dispense with the necessity of instituting an independent civil action or strict observance to the rules of formal pleading:

> "This [29-1-13-16] is a new section. It replaces Burns', Sec. 6-921. It is intended to provide an easy and effective way to determine the disputed ownership of property presumably belonging to the estate but claimed personally by the personal representative or others. It has the same purpose with respect to claims not being vigorously pressed by the personal representative. The provision requiring a preliminary petition to be filed with the court and have the court determine what action, if any, is to be taken is designed to protect the personal representative against harassment and unwarranted attack. . . ." *Commission Comment*, IC 1971, 29-1-13-16 (Burns Code Ed.).

Similarly, in *State ex rel. Harper v. Wheatley* (1963), 244 Ind. 245, 191

N.E.2d 708, the Indiana Supreme Court determined that the present statute and provisions for removal of the personal representative do not demand adherence to the formal rules of pleading. 244 Ind. at 249-50, 191 N.E.2d at 710.

Robert's motion to dismiss amounted to a written objection to Bender's petition, and the issue of the motion's timeliness is governed by IC 1971, 29-1-1-10 (Burns Code Ed.). That statute provides in part:

> "Where, pursuant to law, order of court or the request of the moving party, notice of the filing of any report, account, claim, petition, motion or other pleading to interested persons is required before submission of the same to the court, any interested person, on or before the day set for hearing, may file written objections or answers thereto, . . ."

Although 29-1-13-16 contains no express provision for notice to interested parties, *State ex rel. Harper, supra,* its provision for a hearing on the petition makes a notice requirement implicit therein. In the present case Robert received notice of the petition upon its filing, and his motion to dismiss was filed five days before the hearing. We therefore conclude that the trial court properly considered the motion to dismiss.

## III.

### Contrary to Law

Bender also asserts that the Allen Superior Court's decision to dismiss her petition was contrary to law. We disagree.

A court with probate jurisdiction has great latitude and wide discretion in the appointment and removal of personal representatives and administrators. *Its decision in such a matter will not be disturbed on appeal unless an abuse of that discretion is clear.* *Hauck v. Second National Bank of Richmond* (1972), 153 Ind. App. 245, 286 N.E.2d 852; *Von Der Lieth v. Young* (1965), 139 Ind. App. 525, 212 N.E.2d 404; *Helm v. Odle* (1959), 129 Ind. App. 478, 157 N.E.2d 584.

We conclude in the instant case that the trial court did not abuse its discretion in dismissing Bender's petition and thereby denying the appointment of a special administrator. The petition merely alleged

a land sale transaction between Elizabeth and Robert occurring ten years before Elizabeth's death and Robert's appointment as personal representative. Bender alleged no fraud, unlawful influence or incompetency of Elizabeth in the facts surrounding the sale. Appointment of a special administrator to investigate the 1966 transaction would have been unnecessary and untimely, and the facts before the trial court would not have justified it.

We note that Bender's petition seeks alternatively removal of Robert as personal representative. 29-1-13-16 contains no provision for removal of the personal representative. IC 1971, 29-1-10-6 (Burns Code Ed.) does, however, set forth statutory grounds for removal of the personal representative. Bender has failed to allege any statutory grounds for Robert's removal, and his dismissal as personal representative cannot be predicated on mere allegations of conflict of interest. *Hauck v. Second National Bank of Richmond, supra.* The petition was insufficient to support Robert's removal as personal representative.

Affirmed.

Garrard, J. and Robertson, J., (By designation), Concur.

NOTE—Reported at 375 N.E. 2d 238.