## Bentley *v.* Jarrell, Administrator.

[No. 6,194. Filed April 28, 1908.]

1. APPEAL.—*Briefs.*—*Appellant's Omissions Supplied by Appellee.*—Where appellant's brief omits essential facts, but appellee's brief supplies same, the questions may be considered. p. 587.
2. EXECUTORS AND ADMINISTRATORS.—*Appointment.*—*Discretion.*—*Decedents' Estates.*—The appointment, by the trial judge, of a disinterested person, at the widow's request, as administrator of her deceased husband's estate, will not be set aside, on appeal, in favor of the decedent's sister, there being no abuse shown of the trial judge's discretion. p. 587.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Objections by Mary E. Bentley to the confirmation of the appointment of Henry L. Jarrell, as administrator of the estate of Edward Hill, deceased. From a judgment overruling such objections, and confirming the appointment, the objector appeals. *Affirmed.*

*Charles Kellison* and *Slick & Curtis,* for appellant.
*Martindale & Stevens,* for appellee.

WATSON J.—This appeal was taken from the lower court

in confirming the appointment, by the clerk of the Marshall
Circuit Court, in vacation, of appellee, Henry L. Jarrell,
as administrator of the estate of Edward Hill, deceased.
Sarah C. Hill, widow of the decedent, filed her relinquish-
ment to administer on said estate, and requested that
said Jarrell be appointed as such administrator. Edward
Hill died January 11, 1906, leaving his widow, Sarah C.
Hill, and three minor children. Henry L. Jarrell was ap-
pointed by the clerk as such administrator on January 15,
1906. On January 31, 1906, appellant, who is a married
woman and a sister of decedent, filed her husband's written
consent, as required by law, also her application for letters
of administration on decedent's estate, and tendered her
bond as such administratrix. In said petition she also re-
sisted the confirmation of said Jarrell as administrator. To
this petition appellee answered, setting up, among other
facts, the relinquishment by the widow, and the approval
and consent of appellant to the appointment of Jarrell as
administrator of decedent's estate. Upon the trial of this
cause the court confirmed and approved the act of the clerk
in the appointment of said Jarrell as administrator.

It is earnestly insisted by appellee that no question is
presented for this court's decision, for the reason that ap-
pellant has failed in the preparation of her brief to
1. comply with the rules. The brief is far from comply-
ing with the strict construction of the rules, but aided
as we are by appellee's brief, we have concluded to consider
the questions presented. The appointment of an adminis-
trator must be left largely to the sound discretion
2. of the trial judge. He who has direct control
over the estate can better judge of the capability
of the parties applying for letters, and will know who
will best serve the interest of the estate, the widow, and
the children. And so long as this discretion has not been
abused this court will not disturb the judgment. In the
case of *Wallis* v. *Cooper* (1890), 123 Ind. 40, the court said:

"The circuit court has a wide discretion in matters concerning the appointment of administrators, and the appellate court will not control that discretion nor interfere with its exercise except where it has been abused." We have examined the record in this case and find the judgment is supported by the evidence.

Judgment affirmed.