## HAUGHEY v. HAUGHEY ET AL.

[No. 10,579. Filed May 24, 1920.]

EXECUTORS AND ADMINISTRATORS.—*Appointment.*—*Discretion of Court.*—*Choice of Son Against Widow.*—That a court of probate jurisdiction has a wide discretion in the matter of appointing and removing administrators, and that an appellate tribunal will not attempt to control or interfere with its action therein except in a case where it is clear that its discretion has been abused, *applied* to the selection by the court of the son of decedent as administrator, in a contest between him and the widow for such appointment.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Opposing applications for letters of administration upon the estate of Abel L. Haughey, deceased, by his widow Lanie F. Haughey and by his son Robert L. Haughey, with objections joined in by others. From an order appointing the son as administrator, the widow appeals. *Affirmed.*

*Shirts & Fertig,* for appellant.

*Thomas E. Kane,* for appellees.

DAUSMAN, J.—Abel L. Haughey departed this life intestate, leaving as his sole heirs at law his widow, Lanie F. Haughey, two sons and two grandchildren. At the time of his death he was, and for more than a year prior thereto had been, under guardianship on account of the infirmities of old age. There had been some trouble between him and his wife, and he had resided for sometime with his son Robert L. Haughey, who was his guardian. He left an estate consisting of personal property of the probable value of $15,000 and 440 acres of land of the probable value of $66,000. The widow filed her application for appointment as administratrix and Robert L. Haughey filed his application for appointment as administrator. Along with his application he filed his affidavit, which in effect is an objection to the appointment of the widow. The other son, James W. Haughey, filed objections to the appointment of his brother, Robert.

It appears that the widow was seventy-five years of age and in poor health; and that her action which she had instituted against her husband in his lifetime, and in which she was seeking to recover an alleged claim of more than $30,000, was still pending. It also appears that James objected to the appointment of his brother mainly on the ground that he charged too much for his services as guardian, and he asked that some disinterested person be appointed.

The matter was submitted to the court. Having heard the evidence, the court decided that Robert L. Haughey should be appointed and ordered the clerk to issue letters of administration accordingly.

A court of probate jurisdiction has a wide discretion in the matter of appointing and removing administra-

tors,' and an appellate tribunal will not attempt to control or interfere with its action therein except in a case where it is clear that its discretion has been abused. §2742 Burns 1914, Acts 1901 p. 281; *Wallis* v. *Cooper* (1890), 123 Ind. 40, 23 N. E. 977; *Bowen* v. *Stewart* (1891), 128 Ind. 507, 510, 26 N. E. 168, 28 N. E. 73; *Shrum* v. *Naugle* (1898), 22 Ind. App. 98, 53 N. E. 243; *Bentley* v. *Jarrell* (1908), 41 Ind. App. 586, 84 N. E. 548. However, it is the duty of judges exercising probate jurisdiction to evince vigorous and aggressive honesty in dealing with guardians, administrators, and other trustees, to the end that the trusts reposed in them shall be executed with scrupulous integrity and that complete confidence may prevail. If that duty is faithfully discharged, no one interested in this estate will ultimately have any reason to complain of the appointment made.

The action of the circuit court is affirmed.