STATE EX REL. RIPA, CONSUL GENERAL OF POLAND *v.* LAKE SUPERIOR COURT.

[No. 27,757.   Filed September 28, 1942.   Rehearing denied October 27, 1942.]

*Sevald & Sevald,* of Hammond, for appellant.

SWAIM, J.—Frank Mlynarczyk, a citizen of the United States of America, died intestate June 3, 1942, a resident of Lake County, Indiana. His brother, Alexander Mlynarczyk, also a citizen of the United States and a resident of Lake County, Indiana, waived his right to be appointed as administrator of the decedent's estate

and petitioned the Lake Superior Court, Room 1, to appoint The Calumet National Bank of Hammond, which bank had, for some time prior to the death of the decedent, been acting as his guardian.

Within twenty days after the death of the decedent the relator, Karol Ripa, as Consul General of the Republic of Poland, with offices in Chicago, Illinois, filed a petition in the Lake Superior Court, Room 1, to revoke the letters of administration issued to The Calumet National Bank of Hammond and prayed that he be appointed administrator of said decedent's estate or in the event that the court should deem it proper to appoint a citizen and resident of Hammond, Indiana, that Clement B. Knapp be appointed as such administrator.

This petition was denied by the court below and, thereafter, the petitioner filed a motion to modify the judgment thereon, which was overruled. Relator's motion for a new trial was also overruled and the relator then prayed an appeal to this court.

Instead of perfecting said appeal the relator has filed in this court his petition for a writ of mandate praying that an alternative writ of mandate issue under the direction of this court directing and requiring the respondent, as judge of the Lake Superior Court, Room 1, to revoke the letters of administration issued to The Calumet National Bank of Hammond, in the matter of the estate of Frank Mlynarczyk, deceased; and to appoint the relator or C. B. Knapp, a citizen and resident of Hammond, Indiana, as administrator of said estate.

Mandamus may never be used to control judicial discretion. As said by this court in *State ex rel. Benson* v. *Superior Court of Marion County, et al.* (1933), 205 Ind. 464, 468, 187 N. E. 203, "The writ of mandamus is a proper one to compel

judicial action and to compel courts to act where they refuse to act and ought to act, but not to direct and control the judicial discretion to be exercised in the performance of the act to be done; to compel the court to hear and decide where they have jurisdiction, but not to predetermine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered. (Citing cases.)"

The relator predicates his right to be appointed as administrator on the fact that the decedent left surviving him a father and a brother, who are residents and nationals of Poland; and on certain provisions of the treaty between the United States of America and the Republic of Poland, regulating commerce and consular rights.

Article XXII of said treaty provides that in case of the death of a national of either of the High Contracting Parties in the territory of the other, without having in the locality of his decease any known heirs or testamentary executor, it shall be the duty of the local authorities to at once inform the nearest consular officer of the state of which the deceased was a national; that such consular officer shall, so far as the laws of the country permit and pending the appointment of an administrator, be deemed qualified to take charge of the property left by the decedent for the preservation and protection thereof; that "such consular officer shall have the right to be appointed as administrator within the discretion of a tribunal or other agency controlling the administration of estates provided the laws of the place where the estate is administered so permit." This section further provides that:

"In case of the death of a national of either of the High Contracting Parties without will or testament and without any known heirs resident in the country of his decease, the consular officer of the coun-

try of which the deceased was a national shall be appointed administrator of the estate of the deceased, provided the regulations of his own Government permit such appointment and provided such appointment is not in conflict with local law and the tribunal having jurisdiction has no special reasons for appointing someone else."

Article XXIV of the treaty provides as follows:

"A consular officer of either High Contracting Party shall, within his district, have the right to appear personally or by delegate in all matters concerning the administration and distribution of the estate of a deceased person under the jurisdiction of the local authorities for all such heirs or legatees in said estate, either minors or adults, as may be nonresidents and nationals of the country represented by the said consular officer with the same effect as if he held their power of attorney to represent them unless such heirs or legatees themselves have appeared either in person or by duly authorized representative."

The relator contends that under these provisions of the treaty and the facts of this case the father of the decedent, a subject of and residing in Poland, was entitled, at any time during the twenty-day period after the son's death, to be appointed administrator of the estate; that the relator, as the representative of the father, therefore, had the right, either to be appointed administrator of said estate; or to nominate the person to be appointed as such administrator; and that under our statutes it was mandatory that the judge of the Lake Superior Court revoke the appointment of The Calumet National Bank, as administrator, and appoint either the relator or the person nominated by him.

We recognize the fact that Article 6 of the Constitution of the United States provides that all treaties,

made under the authority of the United States, shall be binding upon the judges in every state, anything in the constitution or the laws of any state to the contrary notwithstanding. We fail to see, however, how the acts of the judge of the Lake Superior Court in the instant case have violated any of the provisions of the treaty in question. Here the decedent was not a national of Poland but was a citizen of the United States. Article XXII of the treaty applies only to the estates of nationals of one nation dying while a resident within the territory of the other and provides for the appointment of the consular officer as administrator only "within the discretion of the tribunal or other agency controlling the administration of estates," and in the event of the death of the national "without any known heirs resident in the country of his decease."

Article XXIV of the treaty gives the relator the right to appear in all matters concerning the administration and distribution of estates in which there are heirs who are nonresidents and nationals of Poland; such appearance to be with the same effect as if he held their power of attorney to represent them. This Article does not give him the right to be appointed administrator.

In the case of *Rocca* v. *Thompson* (1912), 223 U. S. 317, the Supreme Court of the United States held that the provision of a treaty which in estates of subjects of the foreign state gave the consular agent the right "to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs" did not authorize the Italian consular agent to be appointed administrator of the estate of an Italian citizen who died a resident of California, as against the public administrator who,

under the laws of California, was entitled to administer said estate.

In the instant case if the father of the decedent had appeared in person and demanded that he be appointed as such administrator his appointment would not have been required by our statutes. While our statutes do not expressly require that an administrator be a resident of this State or a citizen of the United States, § 6-301, Burns' 1933, § 3030, Baldwin's 1934, does provide that "the removal of any administrator from the state, after his appointment and qualifying, shall authorize the court to vacate his trust as such administrator." Certainly the court is not required to appoint as administrator a nonresident who would be beyond the territorial jurisdiction and control of the court during the administration of the trust.

It has been held that the court having probate jurisdiction has a wide discretion in matters concerning the appointment and removal of administrators; that an appellate tribunal will not control that discretion nor interfere with its exercise except where it has been abused. *Wallis* v. *Cooper, Administrator* (1889), 123 Ind. 40, 23 N. E. 977; *McFaddin* v. *Ross, et al.* (1884), 93 Ind. 134; *Diedrich* v. *Way, Admr.* (1918), 67 Ind. App. 375, 119 N. E. 223.

Relator insists that the duty of the lower court to issue letters of administration to persons applying therefor in the order as provided in § 6-301, Burns', § 3030, Baldwin's, *supra*, is mandatory without regard to the residence of the applicant; that letters issued in violation thereof are void; and that upon the application of an interested party such letters must be revoked. It has been held, however, that letters issued to a person not entitled thereto continue in force until they are set aside; that the person

appointed continues to be the administrator until his letters are revoked. *Jones v. Bittinger, Administrator* (1887), 110 Ind. 476, 11 N. E. 456.

In the instant case we find no abuse of discretion by the lower court which, even on appeal, would require this court to interfere. Clearly there is no showing which would justify resort to the extraordinary remedy of mandamus.

The petition for mandate is denied.

NOTE.—Reported in 43 N. E. (2d) 871.