HELM v. ODLE, ADMINISTRATRIX, ETC.

[No. 19,100. Filed April 22, 1959.]

*Dennis & Cross, Perry W. Cross* and *Ralph E. Dennis, Jr.,* all of Muncie, for appellant.

*Leonidas A. Guthrie* and *Walter G. Tanner,* both of Muncie, for appellee.

COOPER, C. J.—This is an appeal from the Delaware Circuit Court of a probate matter. The appellant herein filed a petition with the trial court seeking to remove an administratrix under §7-406, Burns' 1953 Replacement.

The trial court refused to remove said administratrix and overruled the appellant's motion for a new trial. The overruling of the motion for a new trial is the assigned error herein.

The two causes set forth in said motion, omitting the formal parts, are, as follows:

(1) The decision of the court is contrary to law;
(2) The petitioner has, since the trial of this cause, discovered new, competent evidence material to her action which was unknown to her at the time

of the trial, which she could not, with reasonable diligence, have discovered and produced at the trial, which can now be produced, if a new trial of this cause is had, as more particularly set forth as follows: . . . .

then follows several lengthy affidavits, et cetera, which we do not believe necessary to set forth.

The law is well settled that a court of probate jurisdiction has great latitude and wide discretion in matters concerning the appointments and the removal of administrators and administratrices, and this court will not attempt to control or interfere with the Probate Courts' action therein, *except* in a case where it is clear that its discretion has been abused. *State ex rel. Ripa* v. *Lake Superior Court* (1942), 220 Ind. 436, 43 N. E. 2d 871, and authorities cited. See also *Haughey* v. *Haughey* (1920), 73 Ind. App. 318, 127 N. E. 454, and authorities cited. In discussing Probate Courts' discretion, this court stated in the case of *Haughey* v. *Haughey, supra,* at p. 320:

"However, it is the duty of judges exercising probate jurisdiction to evince vigorous and aggressive honesty in dealing with guardians, administrators, and other trustees, to the end that the trusts reposed in them shall be executed with scrupulous integrity and that complete confidence may prevail. If that duty is faithfully discharged, no one interested in this estate will ultimately have any reason to complain of the appointment made."

We reiterate the foregoing principle of law.

We are compelled to review the evidence under the principles of law heretofore stated, keeping in mind that the burden of proof was on the petitioner below and we consider only the evidence most favorable to the appellee.

However, a review of the proceedings and record before us, including the evidence, reveals a serious failure by the appellee administratrix to handle and conduct the trust reposed in her with the "scrupulous integrity" required of such trustees. It is our opinion that such breach of her trust by said appellee rendered her unsuitable and disqualified from further exercise of said trust.

It is sufficient, we believe, to say that under all the evidence, we are of the opinion that the Probate Court of Delaware County abused his discretion in not removing the administratrix and appointing a disinterested party to the end that the trust involved herein be executed with scrupulous integrity so that complete confidence will prevail.

Cause reversed with instructions to sustain the appellant's motion for a new trial and for further proceedings consistent herewith.

Ryan, J., not participating.

NOTE.—Reported in 157 N. E. 2d 584.