VON DER LIETH *v.* YOUNG, ADMINISTRATOR OF THE ESTATE OF VON DER LIETH.

[No. 20,327. Filed December 16, 1965. Rehearing denied January 19, 1966. Transfer denied November 22, 1966.]

*Emison & Emison*, of Vincennes, for appellant.

*Floyd L. Young*, of Vincennes, for appellee.

BIERLY, J.—This appeal arises from an action filed by appellant, father of the decedent, to remove the Administrator of the Estate of Wendy Cullen von der Lieth, alleging mismanagement of the estate.

Decedent, Wendy Cullen von der Lieth, died intestate on May 12, 1962. Decedent left an unliquidated claim for damages by reason of personal injury to James C. Baker. The attorney representing James C. Baker (hereinafter referred to as plaintiff's attorney) desired to file a claim against the estate of decedent, but administration of her estate had not been opened. Plaintiff's attorney, in correspondence with the claims representative of the Farm Bureau Insurance Company and counsel for appellant, urged that decedent's estate be opened and that appellant, or someone in privity with the family, be appointed administrator as they were reluctant to

invade this capacity which is normally filled by a member of the family. Appellant declined to serve as administrator and indicated that it was immaterial to him who might be appointed as personal representative of the estate. Plaintiff's attorney requested the appellee to file letters of administration, which he did, and subsequently was appointed administrator on April 13, 1963. Suit was then filed against the estate asking for damages in the sum of $500,000. Appellee entered an appearance as attorney for himself as administrator of the estate of Wendy Cullen von der Lieth.

On April 16, 1963, appellee wrote the Farm Bureau Insurance Company, of Vincennes, Indiana, and enclosed the summons and complaint in the suit filed by plaintiff, James Baker. On May 7, 1963, John Houston, Assistant Claims Manager for the insurer, answered appellee informing him that the policy was limited to $100,000 for injuries to one person and that $400,000 of the prayer of the complaint would be unprotected. Mr. Houston stated further that he presumed the interest of appellee was to some extent identical to that of the plaintiff. Appellee answered this letter stating therein that the presumption that appellee's interest was identical with that of plaintiff was an insult. Appellee also expressed his willingness to cooperate to the end that he could faithfully carry out his duties as administrator.

Appellee then embarked upon a course to determine the facts of the claim and the terms of the insurance policy. However, it appears that his efforts were of no avail because of lack of cooperation by the insurer and its attorneys.

On November 20, 1963, plaintiff's attorney called at appellee's office in Vincennes and told him that he was going to file a motion for change of venue from Knox County and asked that they agree on a county. Plaintiff's attorney and appellee agreed to venue the cause to Sullivan County. Plaintiff's attorney wanted the venue to go to Sullivan County as it would

be a short trip for him and a long trip for the attorneys representing the insurer. Appellee agreed on Sullivan County because he respected Judge Lowdermilk as a trial judge.

The attorneys representing the insurer did not receive notice of the motion for change of venue nor were they consulted concerning the same. Two days later they received notice of the agreement to change the venue to Sullivan County. The record is devoid of evidence to the effect that they timely objected to the ruling of the trial court granting the change.

Petitioner herein testified that when he read that a change of venue had been granted without consulting him, he sought out his attorney concerning the same as he felt he was not being represented when he learned appellee was not acting as an individual only but, also, as an attorney for the estate.

On July 6, 1964, seven months after the agreement for change of venue, appellant filed his petition for removal of appellee as administrator and alleged as grounds therefor mismanagement of the assets of the estate in that appellee did not consult with appellant concerning his intention to seek appointment as administrator; and that appellee, being the third counsel of record for himself, entered into an agreement with plaintiff's attorney for a change of venue without consulting with the two prior counsel of record.

The trial court refused to remove the appellee as administrator and, thereafter, overruled appellant's motion for a new trial. The overruling of this motion is assigned as error herein.

At the outset, we must state that the appellant was charged with the burden of proving acts of mismanagement of the estate by appellee in sufficient degree to disqualify him from the furtherance of the exercise of his duties as administrator of said estate. On appeal we are limited by the contents of the record upon which to base our review of the case. It thus devolves upon the appellant to affirmatively demonstrate error upon the part of the trial court.

In *Helm* v. *Odle, Admrx. etc.* (1959), 129 Ind. App. 478, 157 N. E. 2d 584, this court held:

"The law is well settled that a court of probate jurisdiction has great latitude and wide discretion in matters concerning the appointments and the removal of administrators and administratrices, and this court will not attempt to control or interfere with the Probate Courts' action therein, *except* in a case where it is clear that its discretion has been abused. *State ex rel. Ripa* v. *Lake Superior Court* (1942), 220 Ind. 436, 43 N. E. 2d 871, and authorities cited. See also *Haughey* v. *Haughey* (1920), 73 Ind. App. 318, 127 N. E. 454, and authorities cited. In discussing Probate Court's discretion, this court stated in the case of *Haughey* v. *Haughey, supra,* at p. 320:

" 'However, it is the duty of judges exercising probate jurisdiction to evince vigorous and aggressive honesty in dealing with guardians, administrators, and other trustees, to the end that the trusts reposed in them shall be executed with scrupulous integrity and that complete confidence may prevail. If that duty is faithfully discharged, no one interested in this estate will ultimately have any reason to complain of the appointment made.' "

It is a well settled principle of law that an appeal court will not disturb the decision of a trial court except when it is clear that the court abused its discretion. As a reviewing court we must determine on the evidence most favorable to the appellee, whether or not the appellee conducted the trust imposed upon him with scrupulous integrity, mistakes of judgment excepted.

One of the paramount elements in appellant's argument concerns the action of appellee in agreeing that the Knox Circuit Court transfer said cause of action to the Sullivan Circuit Court when the attorneys for the insurer were without notice as prescribed by Supreme Court Rule 1-16.

Rule 1-16 requires that a copy of every motion be served upon each attorney of record for each adverse party. Therefore, the obligation to give notice rested upon plaintiff's attorney. While appellee could have consulted with the attorneys for the insurer before assenting and agreeing

to a change of venue to Sullivan County, nevertheless he did not do so, and we do not deem him guilty of misconduct or derelict in his duties as we are of the opinion that the record, in light of the trial court's determination, evinces the contrary. We are not aware of any duty devolving upon appellee to perform the duties which by law were imposed upon plaintiff's attorney.

Presumptively, the attorneys for the insurer were not opposed to the change of venue to Sullivan County, as upon first knowledge of the same the record fails to disclose that they timely objected to the ruling of the court at a time when they were without notice. However, seven months later appellant commenced this action for removal of appellee and alleged that his agreement to change the venue to Sullivan was not in the best interests of the estate.

In arriving at a decision in a cause or case on appeal this court is limited to the record set forth in words and figures on the cold printed page, interpreted in some degree in oral argument by interested attorneys for the contesting parties, but it is the trial court who sits in judgment during the course of the trial, hearing the testimony of witnesses, noting their interests, their responses, and in a charged atmosphere of the court room determining which testimony to believe or disbelieve when the same is in conflict, and thence arriving at a finding which the court deems fitting and proper to the end that justice may prevail.

The evidence most favorable to appellee leads us to believe that the attorneys for the insurer were reluctant to discuss the claim with appellee or to disclose to appellee the fruits of their extensive investigation. The general tenor of the record before us is that any attempts by appellee to be of assistance in the defense of the $400,000 excess over the limits of the policy were thwarted by a lack of cooperation.

While there may have been some aspects of this cause that questioned the judgment of appellee in his refusal to with-

draw as administrator, legally, we find no error in the acts of the administrator in the course of his management of said estate, particularly when the trial court who appointed appellee is the better able to decide the matter as above indicated.

The evidence of probative value fails to disclose that appellee was remiss in his duties as such administrator, as charged by appellant in his complaint.

Discovering no error in the finding and judgment of the trial court in favor of appellee, we are of the opinion that said judgment should be affirmed.

Judgment affirmed.

Hunter and Mote, J.J., concur; Smith, J., not participating.

## ON PETITION FOR REHEARING

BIERLY, J.—Appellant filed a petition requesting a rehearing in the above entitled cause and assigns therein certain alleged errors contained in the opinion by this court.

Appellant asserts that this court has altered or modified the law governing the standard of scrupulous integrity required of an executor or an administrator as a personal representative of the estate; also, that this court erred in holding that an administrator, who, also, acts as an attorney for himself, need not notify counsel provided for the insurer [Farm Bureau Insurance Company], that a motion for a change of venue had been presented to him by plaintiff's counsel and the administrator agreed to that change of venue; and, further, that this court failed to answer a substantial question as to whether the position of the appellee in acting as his own attorney is not in conflict with his responsibilities as an administrator.

Appellant's argument will be approached and disposed of in the order as presented. It was a burden of appellant to prove that the conduct of appellee as administrator did not meet the required standard of an administrator or personal representative.

A review of the evidence presented by the record in this cause failed to demonstrate conduct of the appellee which would not fulfill the standard set forth in *Helm* v. *Odle, Admrs. etc.* (1945), 129 Ind. App. 478, 157 N. E. 2d 584. It was incumbent upon appellant to produce evidence of probative value to sustain his burden of proof, and we may not reverse upon supposition, speculation or conjecture.

We are of the opinion that this court has not modified the standard of conduct announced in the *Helm* case, *supra*.

Thence appellant argues that as attorney for himself as administrator, a duty was imposed upon appellee to notify counsel for the insurer [Farm Bureau Insurance Company], of the motion for a change of venue before the agreement of a change of venue had been assented to by him. However, appellant has failed to produce or present cogent authority in support of this argument. It appears that appellant has supported his argument only by the statement that appellee's failure to notify counsel for the insurer was in violation of the standard of scrupulous integrity. As stated in our opinion, the record discloses that the actions of the appellee in agreeing to a change of venue was predicated upon good faith and not adverse to the interests of the estate.

Finally, appellant argues that this court failed to answer a question as to whether a position of Floyd L. Young as attorney for appellee conflicts with his duty and obligation as administrator. Specifically appellant implies that the interests of appellee were adverse to the estate.

We again reiterate that in our opinion, we held that the record of evidence most favorable to appellee fails to demonstrate conduct by appellee favorable to plaintiff's cause. The petition for re-hearing is hereby denied.

Smith, P.J., Hunter and Mote, J.J., concur.

NOTE.—Reported in 212 N. E. 2d 404. Rehearing denied in 213 N. E. 2d 347.