RIGBY, EXECUTOR *v.* LEISTER ET AL.

[No. 969A164. Filed September 8, 1970. Rehearing denied October 6, 1970. Transfer denied February 1, 1971.]

*Roland Obenchain, Jr., Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellant.

*Howard E. Petersen,* of LaGrange, *Edgar A. Grimm,* of Auburn, for appellees.

LOWDERMILK, C.J.—This is an appeal from the proceedings had in the Noble Circuit Court, wherein the appellee June Louise Leister filed her action to remove Charles A. Rigby from his trust as Executor of the estate of Brownell Rigby, deceased.

Appellee alleged, among other things, the following acts of mismanagement and wrongful conduct:

In failing to inventory the partnership assets of the Executor and the decedent, as well as the Executor's failure to inventory certain real estate and equity in contracts pertaining to real estate; the Executor's failure to file a current report in more than four years since his appointment; the Executor's use of certain of decedent's property for his own personal gain, including an automobile, boats, furniture and cabins, and in collecting rents and profits from a part of said named personal property without depositing the same in the Executor's bank account.

Appellee further charged the Executor disposed of certain personal property without first obtaining a court order and also comingled funds of the estate with his personal funds; that the Executor failed and refused to perform his duty of closing the estate as promptly as possible and further charged mismanagement of the estate in the Executor's failure to utilize the assets to produce maximum profits but instead used the assets for his own personal gain.

The record before us reveals that the cause was submitted to the court without the intervention of a jury, and the trial court found for and entered judgment for the appellee upon her complaint. Appellant timely filed his motion for a new trial which was, in due course, overruled.

Appellant's assignment of errors was that the court erred in overruling appellant's motion for a new trial on July 16, 1969. The motion for new trial had been filed alleging the statutory defects that the decision was not sustained by sufficient evidence and was contrary to law, together with a memorandum affixed thereto.

It is a well established rule that the weight of the evidence and the credibility of the witnesses are for the trial court and not for the appellate tribunal to determine and where such evidence is conflicting this court will only consider the evidence most favorable to the party in whose favor the judgment was entered. Flanagan, Wiltrout & Hamilton's *Indiana Trial and Appellate Procedure*, § 2786; *Brennan* v. *Reydell* (1963), 134 Ind. App. 298, 187 N. E. 2d 492.

The rule as hereinabove set out pertaining to the court's duty to consider the evidence most favorable to the party in whose favor the judgment is entered where there is a conflict in the evidence is the same as and is applied to the charge that the judgment or decision of the court is contrary to law and the same as the rule is applied to the charge of insufficiency of the evidence. We agree with appellant's contention that the evidence in this case is conflicting; and the evidence being in conflict, we "will only consider the evidence most favorable to the party in whose favor the judgment was entered." After a thorough examination of the evidence most favorable to the appellee, we conclude that the judgment was supported by sufficient evidence and was not contrary to law. *Helm* v. *Odle Admrx. etc.* (1959), 129 Ind. App. 478, 157 N. E. 2d 584; *Von Der Lieth* v. *Young* (1966), 139 Ind. App. 525, 212 N. E. 2d 404; *Saltzman, et al.* v. *Saltzman* (1969), 145 Ind. App. 488, 251 N. E. 2d 595.

In the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, the court said:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

We are of the opinion that reasonable men might differ under the evidence of this cause. The decision of the court, then, would not be contrary to law.

Appellant contends that the trial court did not have absolute uncontrolled discretion to remove the Executor and appoint his successor, and cited *Helm* v. *Odle, supra,* as follows:

"The law is well settled that a court of probate jurisdiction has great latitude and wide discretion in matters concerning the appointments and the removal of administrators and administratrices, and this Court will not attempt to control or interfere with the Probate Court's actions therein, *except* in a case where it is clear that its discretion has been abused. p. 480"

Appellant further urges that it remains to be determined whether the actions of the trial court under the evidence before it constituted an abuse of discretion and defines the term as follows:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effects of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Guraly* v. *Tenta, et al.,* (1955), 126 Ind. App. 527, 132 N. E. 2d 725."

It is true that a decision which is unsupported by the evidence is an abuse of discretion and the judgment will be set aside. However, as we have hereinabove stated, we are of the opinion that the evidence presented in the trial of the cause supported the decision of the trial judge and was not an abuse of discretion.

Appellant further contends that the appellee had a remedy provided by Burns' Rev. Stat. § 7-1007, which is as follows:

"Objections to account.—At any time prior to the hearing on an account of a personal representative, any interested person may file written objections to any item or omission in the account. All such objections shall be specific and shall indicate the modification desired."

Appellant Rigby, the Executor, did have certain rights as such, but he had no right as such Executor to act in a hostile or prejudicial manner to others having an interest in the estate, either as creditors or distributees.

Judge Cardozo, in discussing the attitude of equity in this field, made the following statement in *Meinhard* v. *Salmon* (1929), 249 N.Y. 458, 464, 164 N. E. 545, wherein he said:

"Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the 'disintegrating erosion' of particular exceptions . . . only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd."

Appellee, Leister, had her remedy of bring her action to remove the Executor, as she did. She was not required to wait until the final report of the Executor was filed and then file her objections to such final report. The appellant, Executor, cannot successfully complain of the suit to remove him from his trust where it is alleged and proven that he had not been faithful thereto. Burns' Stat. § 7-1007 does not require appellee, Leister, to permit the Executor to handle the trust as he wishes and then, at his will, close the estate and leave her with the remedy of filing objections to the final report only to be confronted with a suit on The Executor's bond in the event he has wrongfully dissipated the estate.

Burns' Stat. § 7-1007 is an additional remedy of a beneficiary in an estate to require the correction of any ■ mismanagement or error of the fiduciary that comes to light in the final report when filed.

Finding no reversible error, the judgment of the trial court is hereby affirmed.

Appellees heretofore filed their motion to affirm or dismiss, with brief in support thereof. This court considered the same and after · which appellees' motion to dismiss or affirm was ordered held in abeyance until the case was disposed of on its merits.

In the motion to dismiss or affirm, appellees have set out the reasons on which they rely for relief.

Corrections of the record were made pursuant to orders of this court. The record now being corrected the motion to dismiss or affirm is now moot, as we have disposed of the case on its merits.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that appellees' motion to dismiss or affirm is hereby denied.

Judgment affirmed.

Carson, Cooper and Sullivan, JJ., concur.

Note.—Reported in 261 N. E. 2d 891.