**In the Matter of the ESTATE of Jack Rolland SANDEFUR.**

**Saundra M. Sandefur KEESLING, Appellant,**

**v.**

**Ethel M. SANDEFUR and Citizens Banking Company of Anderson, Indiana, Successor Executor of the Estate of Jack Rolland Sandefur, Appellees.**

**No. 2–879A254.**

Court of Appeals of Indiana, Second District.

Dec. 10, 1980.

---

Daniel S. Davisson, Davisson, Davisson & Davisson, Anderson, for appellant.

Philip Greene Decker, II, Anderson, for appellees.

SHIELDS, Judge.

Appellant Saundra Sandefur Keesling appeals an order removing her as executrix of the estate of Jack R. Sandefur, deceased.

We reverse.

On February 8, 1977, the decedent executed a deed conveying his residential real estate to himself and his mother, Ethel M. Sandefur, as joint tenants with right of survivorship. That same day he also executed his last will and testament in which he devised his estate to his two children, Keesling and Scott Sandefur. The will contained the following provisions:

"It is my intent not to include in this, my Last Will and Testament, my residentual (sic) real estate situated at 6839 Fairview Street, Anderson, Indiana, which I now own, if my mother, ETHEL M. SANDEFUR, survives me, for I have during my lifetime deeded to her said real estate in an attempt to repay her for monies borrowed and all acts of kindness which she has shown me over the years of my life. If, at the time of my death, my mother has predeceased me and said real estate becomes a part of my estate, then it is my will and desire that it be disposed of as provided for in Item III as above set forth.

. . . . .

"Should my residence situated at 6839 Fairview Street, Anderson, Madison County, Indiana, become a part of my estate and my son, SCOTT A. SANDEFUR, is under the age of twenty–two (22) years, then said real estate shall become a part of this trust, and my daughter, if she so desires, shall be permitted to reside therein until my son, SCOTT A. SANDEFUR, becomes twenty–two (22) years of age, or if for any other reason this trust fund should be terminated. At that time, it is my will and desire that said real estate be sold, and the proceeds derived therefrom be distributed in accordance with Item IV, Sub–paragraph D of this, my Last Will and Testament."

Decedent died on November 15, 1977 and Keesling was appointed executrix. In August, 1978, Keesling, acting as executrix, petitioned the court for authority to file an action against Ethel to recover the residential real estate. Keesling alleged the joint interest in the real estate was conveyed to Ethel to protect her for monies she had loaned the decedent with the understanding the real estate would be reconveyed when Ethel was paid in full. The court authorized the filing of the action. Thus, on August 22, 1978, Keesling filed an action against Ethel entitled "Suit to Impose Trust on Real Estate."

Thereafter Ethel filed a petition requesting the court to remove Keesling as executrix. Keesling moved to dismiss the petition on the grounds that Ethel was not an "interested person." The court did not dismiss Ethel's petition but, on its own motion, ordered Keesling to appear and show cause why she should not be removed as executrix.

At the conclusion of the hearing, the court ordered Keesling removed finding that she had

"failed to perform her duty imposed by law and that she refuses to carry out the provisions of the last will and testament of the decedent and in equity the court would find that the estate would be better protected . . . ."

IC 29–1–10–6 (Burns Code Ed.) provides in pertinent part:

"When the personal representative becomes mentally incompetent, disqualified, unsuitable or incapable of discharging his duties, has mismanaged the estate, failed to perform any duty imposed by law or by any lawful order of the court, or has

ceased to be domiciled in the state of Indiana, the court may remove him . . . ."

It is well settled that a probate court has great latitude and wide discretion in matters concerning the appointment and removal of executors and administrators and this court will not attempt to control or interfere with the court's action unless it is clear that its discretion has been abused. *Hauck v. Second National Bank of Richmond*, (1972) 153 Ind.App. 245, 286 N.E.2d 852; *Helm v. Odle*, (1958) 129 Ind.App. 478, 157 N.E.2d 584; *Haughey v. Haughey*, (1920) 73 Ind.App. 318, 127 N.E. 454.

In the instant case, we are forced to conclude the court abused its discretion. The only evidence in support of Keesling's removal was that she was serving as executrix, was aware of the provisions of the will, that Ethel, who survived the decedent, held a deed to the subject real estate, that she and her brother, as beneficiaries of the will, would benefit from the inclusion of the residential real estate in the estate, that she filed an action, with court approval and authorization, to have the subject real estate included in decedent's estate, and that there was a discussion among the decedent, Ethel, and Keesling concerning the transfer of title of the real estate into joint ownership prior to decedent's death.

We construe the trial court's findings that Keesling failed to perform her duty imposed by law and that she refused to carry out the provisions of the will as one and the same. While it is an executor's duty to defend the will,[1] Keesling's actions cannot be classified as an attack upon the will itself or a refusal to carry out the terms of the will. The only evidence supporting the court's findings is her act in filing the action concerning the subject real estate which she did only after securing court approval and authorization. Furthermore, she had a duty to do so if she in good faith believed the real estate was properly an asset of the estate, IC 29–1–13–1 (Burns Code Ed.). There is a dearth of evidence

that the litigation was commenced maliciously, in bad faith, or solely for her personal gain. On this latter point, we must make the observation that most commonly the personal representative named in a will is also a beneficiary of the will and not uncommonly benefits from the enlargement of the estate. Nevertheless, that fact alone is not a basis for removal. *Matter of the Estate of Eleanor M. Baird, Deceased*, (1980) Ind.App., 408 N.E.2d 1323, IC 29–1–10–6 (Burns Code Ed.).

Reversed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. *Hamilton v. Huntington*, (1944) 223 Ind. 143, 58 N.E.2d 349; *Abbott v. Appleton*, (1927) 86 Ind.App. 607, 159 N.E. 167.