

**FILED**

Nov 21 2017, 9:01 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Trent A. McCain
McCain Law Offices, P.C.
Merrillville, Indiana

Curtis E. Shirley
Law Office of Curtis E. Shirley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Elizabeth A. Knight
Joseph W. Smith
Knight, Hoppe, Kurnik & Knight, Ltd.
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re Unsupervised Estate of Cary A. Owsley

Logan A. Owsley,

*Appellant*,

v.

Mark E. Gorbett, et al.,

*Appellees*.

November 21, 2017

Court of Appeals Case No. 49A02-1701-EU-207

Appeal from the Marion Superior Court

The Honorable Steven R. Eichholtz, Judge

Trial Court Cause No. 49D08-1602-EU-7407

**Brown, Judge.**

[1] Logan A. Owsley appeals the Marion Superior Court's dismissal of his verified petition to open estate and the denial of his motion to correct error. Logan raises one issue which we revise and restate as whether the trial court abused its discretion in dismissing the estate proceeding. We affirm.

## Facts and Procedural History

[2] On April 7, 2013, Cary Owsley died from a gunshot wound. In June 2014, the Bartholomew Circuit Court appointed Lisa Owsley as personal representative of the estate of Cary Owsley (the "Estate") under cause number 03C01-1406-ES-2796 ("Cause No. 2796"). In March 2015, Cheryl Owsley Jackson filed a verified petition under Cause No. 2796 to remove Lisa as personal representative or to appoint a special administrator. In April 2015, an attorney filed an appearance on behalf of Logan, Cary's son, and a memo in support of petitions.[1] On April 7, 2015, the court entered an order denying Jackson's petition and stating that Logan "has no matters pending before this Court and so this Court is not providing any affirmative or negative relief concerning Logan." Appellant's Appendix Volume II at 48.

[3] On April 7, 2015, Logan filed a complaint in the United States District Court for the Southern District of Indiana under cause number 1:15-cv-00552-RLY-MJD (the "federal lawsuit") against Mark Gorbett, in his individual and official capacities as Sheriff of Bartholomew County; Ernest DeWayne Janes, Sr.,

---

[1] The record does not contain a copy of the memo.

Dean Johnson, Christie Nunemaker, Brent Worman, William Kinman, Jr., and Christopher Roberts in their individual and official capacities as Bartholomew County Sheriff's Deputies; and Larry Fisher, in his individual and official capacities as Bartholomew County Coroner. Logan alleged a "[b]otched [i]nvestigation" and a cover-up and brought the following claims: Count I, obstruction of justice; Count II, conspiracy to obstruct justice based on invidious discrimination; Count III, failure to intervene; Count IV, access to courts, right to seek remedy; Count V, intentional infliction of emotional distress; and Count VI, negligent infliction of emotional distress. *Id.* at 116.

[4] On July 10, 2015, the defendants in the federal lawsuit filed a motion to dismiss Logan's complaint and asserted that Logan lacked standing to bring any causes of action and that he failed to state claims on which relief could be granted.

[5] Meanwhile, in May 2015, Logan filed petitions to require a final accounting, to remove the personal representative, to distribute abandoned property, and for appointment of a special administrator in Cause No. 2796. On February 16, 2016, the Bartholomew Circuit Court entered an order granting Logan's petition to distribute property and denying the petitions filed by Logan to remove the executor and appoint a special administrator. The court approved the final accounting as testified to at a prior hearing. The court's order also states:

> Whatever interest the Estate of Cary A. Owsley has in the federal lawsuit, the Court ASSIGNS such interest to Logan Owsley. He

alone shall inherit and otherwise receive any benefit, proceeds, or relief afforded in the litigation pending in federal court.

There being no further issue before the Court, the Court DISCHARGES the personal representative and directs the Clerk to close this estate. Any surety is released.

Pursuant to trial rule 54(B) the Court finds no just reason for delay and enters this as a final, appealable order on all issues.

*Id.* at 131.

[6] On February 29, 2016, Logan filed a Verified Petition to Open Estate for Limited Purpose and for Unsupervised Administration under cause number 49D08-1602-EU-7407 ("Cause No. 7407") in the Marion Superior Court. Logan requested to be appointed as the personal representative of the Estate for the sole purpose of managing and resolving the federal lawsuit.

[7] That same day, the Marion Superior Court entered an order in Cause No. 7407 stating that the property at issue for the Estate in this matter belongs solely to Logan. The court stated that it had jurisdiction over this matter because the Estate property which remained for administration was the federal lawsuit located in Indianapolis. It appointed Logan as the personal representative of the Estate and authorized him to administer the Estate without court supervision.

[8] On March 15, 2016, the United States District Court for the Southern District of Indiana entered an Order on Motion for Leave to File Amended Complaint

which states in part: "unless and until the Order of the Marion County Superior Court is overturned by the state court, this Court must view it as a valid Order. Therefore, for the purposes of this Motion, Plaintiff is the Personal Representative of the Estate." *Id.* at 181. That same day, Logan, in his individual capacity and as administrator of the Estate, filed an amended complaint in the federal lawsuit alleging that there was a rush to classify the death as a suicide, contamination and destruction of evidence, and a cover-up. The amended complaint alleged: Count I, obstruction of justice; Count II, conspiracy to obstruct based on invidious discrimination; Count III, failure to intervene; Count IV, access to courts, right to seek remedy; Count V, conspiracy; Count VI, intentional infliction of emotional distress; and Count VII, negligent infliction of emotional distress. On March 21, 2016, the Southern District court denied as moot the federal defendants' motion to dismiss because their motion was directed at a pleading that was "no longer operative." Appellant's Appendix Volume IV at 11.

In April 2016, Gorbett, Johnson, Kinman, Roberts, and Worman filed a Petition to Intervene and Motion to Vacate Order and Dismiss the Estate Proceeding in Cause No. 7407. They argued that Logan's request for appointment was without legal basis in fact and done "only to shoehorn himself into a position that was denied him in no less than 2 orders from the Bartholomew County Circuit Court." Appellees' Appendix Volume II at 5.

On November 1, 2016, the Marion Superior Court entered an order in Cause No. 7407 concluding that the decedent has no constitutional rights to adjudicate

and therefore the letters of administration by the court were improperly issued and dismissing the matter. Specifically, the order states:

> On April 7, 2013 Cary Owsley died, intestate, from a gunshot wound in Bartholomew County. His death was ruled a suicide. On June 23, 2014, Cary's estranged wife, Lisa Owsley, was appointed personal representative of his estate by the Bartholomew County Circuit Court. After lengthy disputes among family members, the Bartholomew County estate was closed on February 16, 2016. The court awarded Logan Owsley "Whatever interest the Estate of Cary A. Owsley has in the federal lawsuit, the Court ASSIGNS such interest to Logan Owsley. He alone shall inherit and otherwise receive any benefit, proceeds, or relief afforded in the litigation pending in federal court." Verified petition to open estate exhibit 1.

> On April 7, 2015 the decedent's son and only heir filed a federal lawsuit in United States District Court against various Bartholomew County officials. The litigation brought by Logan in federal court is an action alleging that the decedent's constitutional rights were violated under sections 42 U.S.C. §§ 1983 or 1985. The defendants in the federal lawsuit are the same petitioners to intervene in this case. On February 29, 2016 Logan was appointed personal representative of his father's estate for the purpose of managing and resolving the federal lawsuit on behalf of the decedent and distributing the property to Logan the beneficiary of any proceeds, as a result of this matter been awarded to him solely to pursue by the Bartholomew County Circuit Court.

> Without reaching whether or not the motion to intervene should be granted, the court upon review of the proceedings finds that the decision to allow an estate to be opened to pursue this claim was incorrect. The estate assets had been probated, administered and distributed in the Bartholomew County courts. The claim

for a violation of the decedent[']s constitutional rights is not an asset of the estate subject to administration. In a similar fact pattern alleging violations of the constitutional rights of the decedent by officials investigating the decedent[']s death the United States District Court, for the Southern District of Indiana found:

> After death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived." *Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir. 1979). The alleged cover-up by Manders and Ward took place after Joseph Love was killed, and thus could not have violated any of Joseph Love's constitutional rights. *Id.*; *Guyton v. Phillips*, 606 F.2d 248 (9th Cir. 1979) ("the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death.")[, *cert. denied*, 445 U.S. 916, 100 S. Ct. 1276 (1980)]. We do not hold that cover-up of a wrongful death is without civil or criminal effect; rather, we hold that "the victims of a cover-up are the decedent's survivors, not the decedent himself." *Gibson* [*v. City of Chicago*, 910 F.2d 1510, 1523 (7th Cir. 1990)], *citing*, *Bell v. City of Milwaukee*, 746 F.2d 1205, 1264 (7th Cir. 1984). Thus, to the extent that plaintiffs allege that, by covering up the circumstances of Joseph Love's death, Manders and Ward violated Joseph Love's Constitutional rights, the Motion to Dismiss is granted.

*Love v. Bolinger*, 927 F. Supp. 1131, 1136 (S.D. Ind. 1996)[.]

Based upon a review of the foregoing authority the court finds that the claim being pursued by the personal representative in federal court is not an asset nor property of the decedent's estate.

> The decedent has no constitutional rights to adjudicate and therefore the letters of administration by the court were improperly issued.
>
> It is therefore ordered that the letters of administration granted to Logan Owsley are hereby vacated and this matter is dismissed.

*Id.* at 19-20.

[11] Logan filed a motion to correct error under Cause No. 7407, which was deemed denied.

## *Discussion*

[12] The issue is whether the trial court abused its discretion in dismissing the estate. Logan argues that the reasoning of *Love v. Bolinger*, 927 F. Supp. 1131 (S.D. Ind. 1996), which was cited by the trial court, is not instructive because the alleged conspiracy to cover up his father's death violated his right to bring a wrongful death claim. He argues that civil rights claims for conspiracy and denial of access to courts brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 are the property of a decedent's estate and must be brought in federal court by the estate, rather than by a relative individually. Logan requests that we should reverse the trial court and reinstate him as personal representative of his father's estate for the sole purpose of pursuing the federal civil rights action in the federal lawsuit.

[13] The Appellees argue that the order dismissing the estate proceeding should be affirmed because there was no estate property to be administered in Marion

County. They assert that, to the extent the trial court's February 16, 2016 order assigned to Logan "[w]hatever interest the Estate of Cary A. Owsley has in the federal lawsuit," this was a legal nullity because the decedent's estate never had any interest in Logan's federal lawsuit to assign. Appellees' Brief at 22. They argue that Logan's petition was an improper collateral attack on the Bartholomew Circuit Court's orders including orders denying requests to replace Lisa as personal representative and requests for appointment of a special administrator to pursue Logan's federal lawsuit. They also contend that the order dismissing the estate proceeding should be affirmed because Bartholomew County is the only county in which an estate for decedent could be opened and cite Ind. Code § 29-1-7-1.[2]

---

[2] Ind. Code § 29-1-7-1 provides:

> (a) The venue for the probate of a will and for the administration of an estate shall be:
>
>> (1) In the county in this state where the decedent had his domicile at the time of his death.
>> (2) When not domiciled in this state in any county in the state, where he left any property at the time of his decease; or into which county any property belonging to his estate may have come after his decease.
>
> (b) If proceedings are commenced in more than one (1) county, they shall be stayed except in the county where first commenced until final determination of the venue by the court in the county where first commenced, and thereupon all proceedings in any county, other than the county where jurisdiction has been finally determined to exist, shall be dismissed. If the proper venue is finally determined to be in another county, the court, after making and retaining a true copy of the entire file, shall transmit the original to the proper county. The proceeding shall be deemed commenced by the filing of a petition; and the proceeding first legally commenced shall extend to all of the property of the estate in this state.
>
> (c) If it appears to the court at any time before the decree of final distribution in any proceedings that the proceeding was commenced in the wrong county or that it would be for the best interests of the estate, the court, in its discretion, may order the proceeding with all papers, files and a certified copy of all orders therein transferred to another court having probate jurisdiction, which other court shall thereupon proceed to complete the administration proceedings as if originally commenced therein.

[14] In reply, Logan argues that the Appellees are not parties to this appeal, points out that the Marion Superior Court never granted their motion to intervene and that they did not file a cross-appeal, and asserts that their brief should be stricken. He alleges that we should reverse even if we determine that the Appellees are parties to this appeal. His contention is that Ind. Code § 29-1-7-1(b) does not apply because Cause No. 2796 in the Bartholomew Circuit Court was closed. He also appears to argue that, even if Ind. Code § 29-1-7-1(b) applies, dismissal is not appropriate because the county is a party and change of venue must be granted pursuant to Ind. Trial Rule 76(A)[3], and dismissal is not appropriate under Ind. Trial Rule 75(B)(1).[4]

[15] We need not reach the question of whether Gorbett, Johnson, Kinman, Roberts, and Worman, properly identify themselves as appellees because, even assuming that they are not appellees or parties to this appeal, we cannot say that reversal of the dismissal is warranted.

[16] "A court of probate jurisdiction has great latitude and wide discretion in matters concerning the appointments and the removal of administrators . . . ,

---

[3] Ind. Trial Rule 76(A) provides in part: "In civil actions where the venue may be changed from the county, such change of venue from the county may be had only upon the filing of a verified motion specifically stating the grounds therefor by the party requesting the change. The motion shall be granted only upon a showing that the county where suit is pending is a party or that the party seeking the change will be unlikely to receive a fair trial on account of local prejudice or bias regarding a party or the claim or defense presented by a party. A party shall be entitled to only one change of venue from the county."

[4] Ind. Trial Rule 75(B)(1) provides: "Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed."

and this court will not attempt to control or interfere with the Probate Court's action therein, except in a case where it is clear that its discretion has been abused." *Hauck v. Second Nat. Bank of Richmond*, 153 Ind. App. 245, 267, 286 N.E.2d 852, 865 (1972) (citing *Helm v. Odle*, 129 Ind. App. 478, 480, 157 N.E.2d 584, 585 (1959)), *reh'g denied*. A trial court's control and discretion to change its own rulings is firmly established in common law, and we will review a trial court's reconsideration of its prior rulings for abuse of discretion. *In re Estate of Hammar*, 847 N.E.2d 960, 962 (Ind. 2006) (citing *Pond v. Pond*, 700 N.E.2d 1130, 1135 (Ind. 1998) ("A trial court may reconsider an order or ruling if the action remains *in fieri*, or pending resolution."); *State ex rel. Rans v. St. Joseph Superior Court*, 246 Ind. 74, 78, 201 N.E.2d 778, 779-780 (1964) ("[A] court may, upon motion to reconsider or rehear, upon its own motion or the suggestion of a party, vacate, set aside, amend or modify a ruling entered in the same term of court, since such a matter is *in fieri*.")).

[17] The Marion Superior Court's November 1, 2016 order in Cause No. 7407 states that the claim for a violation of the decedent's constitutional rights was not an asset of the Estate subject to administration and cites *Love v. Bolinger*, 927 F. Supp. 1131, 1136 (S.D. Ind. 1996). In *Love*, Joseph Love's estate, his parents, and his brother brought a lawsuit alleging various federal and state constitutional causes of action against a number of state, county, and city defendants, arising out of Joseph's arrest, the criminal proceedings against him, his death, and an alleged cover-up of the circumstances of his death. 927 F. Supp. at 1133. Defendants Karl Manders, the Coroner of Marion County, and

Bob Ward, the Chief Deputy Coroner, filed a motion to dismiss. *Id.* at 1133-1134. In addressing the plaintiff's claim under 42 U.S.C. § 1983, the court held that "[a]fter death, one is no longer a person within our constitutional and statutory framework, and has no rights of which he may be deprived." *Id.* at 1136 (quoting *Whitehurst v. Wright*, 592 F.2d 834, 840 (5th Cir. 1979)). The court held that "[t]he alleged cover-up by Manders and Ward took place after Joseph Love was killed, and thus could not have violated any of Joseph Love's constitutional rights." *Id.* (citing *Whitehurst*, 592 F.2d at 840; *Guyton v. Phillips*, 606 F.2d 248 (9th Cir. 1979) ("the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985, does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after his death")). The court clarified: "We do not hold that cover-up of a wrongful death is without civil or criminal effect; rather, we hold that 'the victims of a cover-up are the decedent's survivors, not the decedent himself.'" *Id.* (quoting *Gibson*, 910 F.2d at 1523 (citing *Bell v. City of Milwaukee*, 746 F.2d 1205, 1264 (7th Cir. 1984)). The court held that "to the extent that plaintiffs allege that, by covering up the circumstances of Joseph Love's death, Manders and Ward violated Joseph Love's Constitutional rights, the Motion to Dismiss is granted." *Id.*

[18] While Logan argues that *Love* is distinguishable from this case because the plaintiffs in *Love* did not allege that they were prevented from filing a wrongful death suit under state law and he did allege such a claim in his amended complaint, he does not point to a claim in his amended complaint based upon an alleged violation of Cary's rights which occurred prior to his death. His

amended complaint in the federal lawsuit alleged that there was a rush to classify the death as a suicide, contamination and destruction of evidence, and a cover-up, all of which were alleged to have occurred after Cary's death. Based upon *Love*, we cannot say that the Marion Superior Court erred in concluding that the claim being pursued in federal court was not an asset or property of the Estate and, accordingly, in dismissing the matter.[5]

## *Conclusion*

For the foregoing reasons, we affirm the trial court's order.

Affirmed.

Najam, J., and Kirsch, J., concur.

---

[5] Logan asserts that civil rights claims for denial of access to courts and conspiracy brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 are the property of a decedent's estate and must be brought in federal court by the estate and cites *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), *reh'g and reh'g en banc denied*, *cert. denied*, 546 U.S. 1094, 126 S. Ct. 1065 (2006), and *Barrett v. United States*, 689 F.2d 324 (2d Cir. 1982), *cert. denied*, 462 U.S. 1131, 103 S. Ct. 3111 (1983). *See* Appellant's Brief at 9-10. Those cases all involved alleged government misconduct prior to death. *See Bell*, 746 F.2d at 1215 (addressing the shooting and killing of a man by a police officer); *Russ*, 414 F.3d at 783 (same); *Barrett*, 689 F.2d at 326 (observing that the decedent died from an injection of a mesclaline derivative administered to him while he unknowingly served as a test subject in an Army chemical warfare experiment). Thus, we find those cases distinguishable.